HEARD *vs.* THE STATE OF GEORGIA.

1. The verdict finding the defendant guilty of voluntary manslaughter is not contrary to law or unsupported by the evidence.
2. An exception to a charge of the court which is, in part at least, correct, should specify wherein it is unsound.
(*a.*) Taken in connection with the charge of the court on the subject of reasonable doubts, there was no error in the following charge : " Mathematical certainty is not required in legal investi-

gations. All that is required is moral certainty. Are your minds and consciences satisfied that the charge is true? If so, it is sufficient to authorize conviction."

3. Where exception is taken to a long extract from the charge of the court, a portion of which is clearly correct, it should be specified what portion is not correct, or why the giving of it as a whole was erroneous.

4. While the charge might have been more particular in separately presenting the different phases of this case, as disclosed by possible views of the evidence, and in applying the law separately to each, in its totality, it was not such as to confuse and mislead the jury in regard to what would justify the defendant in killing another in defence of life, or to prevent a felony of less magnitude on her person.

5. In all cases of self-defence, whether it be of life or limb, or of any threatened felony on the person of the accused, the law of justifiable homicide in this state is, that it must be made to appear that it was absolutely necessary to kill the deceased, in the opinion of the slayer, founded on good reason, in order to save life or prevent a felony on his person; and also, either that the deceased was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was stricken.

(*a.*) It might have been better to have omitted all reference to defence of habitation, but the mention of it in defining justifiable homicide will not cause a new trial.

March 27, 1883.


Criminal Law. New Trial. Verdict. Charge of Court Before Judge WILLIS. Marion Superior Court. October Term, 1882.

Reported in the decision.

BLANDFORD & GARRARD, for plaintiff in error.

THOMAS W. GRIMES, solicitor general, for the state.

JACKSON, Chief Justice.

The defendant was tried and convicted of the crime of voluntary manslaughter, and, being denied a new trial, brought the case here for review.

1. The first ground of the motion is, that the verdict is contrary to law and the evidence. The evidence shows a fight between the parties, who were brother and sister, springing out of the brother having put the sister's child, a little boy, in a hog-pen, and ordering him to catch a hog, struck the child, it seems, with a little switch, when it cried, and the mother came out, and the fight ensued. It continued for some time in the yard, and in the house afterwards, when the brother came out and got a stick, and the sister came out with the gun. The brother wrested it from her and struck her with the stick; thereupon, she wrested it again from him, and, stepping back one step, the gun was fired, and the brother was shot in the bowels, and died in three-quarters of an hour. This evidence is sufficient, we think, to sustain a verdict of voluntary manslaughter, and the verdict is not contrary to the law or unsupported by the evidence.

There is testimony that the brother struck the defendant over the head with a rock, when he had her down; but it is in proof that no bruise was on her head of any sort. She threatened to kill him with the gun, and in her statement said only that she was obliged to kill him to save her own life. So that the entire testimony, taken together with the statement, makes a clear case of voluntary manslaughter.

2. The first exception to the charge is that the court erred in saying to the jury that " mathematical certainty is not required in legal investigation. All that is required is moral certainty. Are your minds and consciences satisfied that the charge is true? If so, it is sufficient to authorize a conviction."

It is not specified what part of this charge is erroneous. Certainly the first sentence of it is not. The second sentence is equally free from fault. The third and fourth, when construed in connection with the other two and that part of the charge which explains and charges the doctrine of reasonable doubts, are equally sound. Under the rule

that, where a part of the charge excepted to is sound, this court cannot reverse the judgment on that assignment of error, unless it specifies the unsound part, there is nothing in this ground of the motion which is tenable at all. Even, however, if each sentence could be considered as a separate exception and assignment of error, the above charge would stand, when construed in connection with the charge, on reasonable doubts.

3. The other ground is liable to the same criticism. It is still more vulnerable. It is as follows:

" Justifiable homicide is the killing of a human being, by commandment of the law, in execution of public justice.—That is not insisted upon in this case.—By permission, in advancement of public justice, which is not insisted on. In self-defence, or in defence of habitation, property or person against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either. In order to justify a person in taking the life of another, it must be to prevent a felony being committed upon himself or upon his habitation, and a felony, under our law, is any crime that is punishable by confinement in the penitentiary or by death. Now, to justify a party in taking the life of a human being, under our law, it must be done to prevent a felony being committed, either upon his person or habitation, or it must be done under circumstances to justify a reasonable man. in believing that one of· these offences was about to be committed.

" Now, in this case, did the prisoner take the life of the deceased to prevent a felony being committed upon person or habitation? Or did she take it under circumstances that would justify a reasonable man in believing that such an offence would be committed? If so, then she would be justifiable in taking the life of the deceased. A bare fear of these offences, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and

that the party killing really acted under the influence of those fears, and not in a spirit of revenge. If a person kill another in his defence, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary, and it must appear that the person killed was the assailant, and that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given."

No error is specified in this long extract from the charge. Some of it is clearly right. It is the language of the Code. Unless all be wrong, it cannot be considered, because it is not specified in what part of it it is wrong. It is not specified that the objection to it is that it is not apposite as a whole, or otherwise erroneous as a whole, or what part of it is so. That a party excepting must specify, is provided by the Code, and decisions of this court, without number, are to the same effect.

4, 5. The next ground is: " Because the charge of the judge to the jury was calculated to confuse and mislead the jury on the subject of justifiable homicide."* We do not see very clearly wherein it was so calculated. The defendant herself, in her statement, put her defence on the sole ground that she was obliged to kill her brother to save her own life. That rendered it necessary that the judge should charge the law of self defence, against one who was trying to kill the defendant; and this was done as the Code clearly lays it down. But the facts might have shown, and really did show, that the deceased was not trying to kill the defendant; for when he got the gun from her he did not, yet could if he wished, as a witness for the defence swore; but, possibly, with a rock or stick, to maim her or commit a felony upon her was his intention. Therefore it became necessary that the court should charge the law on that branch of the case. While, therefore, the charge may have been more particular in separately pre-

---

* See charge set out in previous division of decision. As to the word "and," used there, see end of decision. Compare *Adams et al. vs. State; Mitchell vs. State,* (September Term, 1883.)

senting these different phases of the case, as disclosed by possible views of the evidence, and applying the law separately to each, we cannot see that, in its totality, it was such as to confuse and mislead in regard to what would justify her in defence of her life or a felony of less magnitude on her person.

The general rule on this subject is laid down clearly in *Stiles vs. The State* in 57 *Ga.*, 184. There it is ruled that " in a contest or personal rencounter between two persons, where defendant set up the plea of acting in self-defence, sections 4331 and 4333 of the Code should be construed together; and it must not only appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of such fears, and not in a spirit of revenge, but it must also appear that the slayer thought and believed, and had good reason to think and believe, that the danger was so urgent and pressing, at the time of the killing, that in order to save his own life, or prevent a felony on his person, the killing of the other was absolutely necessary; and it must appear also, either that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." And in the case of *Wilson vs. The State*, not yet reported,* it was ruled that "section 4330 provides that one may kill another in self-defence, or in defence of habitation, property or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either. Section 4331 simply provides that a bare fear shall not be sufficient to justify such killing, and lays down the rule as to what shall be sufficient. Section 4332 defines what will justify a homicide in defence of habitation, property or person where a felony is attempted by violence or surprise or either, and concludes with this qualification, but it must appear that such killing was absolutely necessary to prevent the attack and invasion, and that a serious injury was intended or

*69 *Ga.*, 224.

might accrue to the person, property or family of the person killing. Section 4333 provides that, to make a homicide justifiable upon the ground of self-defence, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary, etc. Thus it is clear that the qualifications in either case, to justify a homicide, must be made to appear as declared in §§4332 and 4333, as they bear upon self-defence, or defence of habitation, property or person defined in §4330."

So that in all cases of self-defence, whether it be of life or of limb or of any threatened felony on self, the law of justifiable homicide in this state is, that it must be made to appear that it was absolutely necessary to kill the deceased, in the opinion of the slayer founded on good reason, in order to save his own life or prevent a felony on his person, and also, either that the deceased was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was stricken.

This was a personal rencounter. The only justification is self-defence of life or limb, or other felony on the person; and the charge is substantially in accordance with this law. In extracting from the Code, the judge is made once to use the copulative conjunction in place of the disjunctive, " and " instead of " or," where he says it must appear that the deceased was the assailant " and " that the slayer really and in good faith endeavored to decline any further struggle, etc. But in the charge itself it is marked extracted from the Code, and is evidently a clerical error of the reporter or copyist.

It might have been better, too, to leave out all about defence or habitation, but the judge was merely defining justifiable homicide and following the Code, and could hardly avoid it.

Judgment affirmed.