## POLLARD v. THE STATE.

BECK, J.  1. Where, in the trial of one charged with the offense of assault with intent to murder, there was evidence from which the jury would be authorized to find mutual intent to fight, though no mutual blows were exchanged, it was not error to give in charge to the jury section 73 of the Penal Code.

2. And when upon that trial there was, besides the evidence tending to establish the existence of a mutual intent to fight, further testimony that the party who was shot started towards the accused, threatening at the same time to make him jump from the train, the court properly charged the law of voluntary manslaughter.

3. Inasmuch as death did not result from the assault with which the accused was charged, of course the jury should not have been charged, "If you believe, from the evidence in the case and the law given you in charge, that the defendant is guilty of the offense of murder, you should so find." But this instruction was so manifestly inapplicable to the facts in the case that the jury could neither have been misled nor influenced by the same, and the error committed was harmless.

4. In a ground of a motion for new trial, complaining that the court erred in charging section 73 of the Penal Code in such a way "as to confuse it with the other law of homicide and make it applicable to the same theory or state of facts, the theory of the defense being that he shot under the fears of a reasonable man," the movant should specify and point out how the law contained in said section is in the charge confused with the other

law of homicide, and he should also point out or indicate with what other law of homicide the court's charge confused section 73; otherwise the assignment of error is too general and indefinite to raise any question for decision.                    *Judgment affirmed. All the Justices concur.*

Argued October 18,—Decided November 9, 1905.

Indictment for assault with intent to murder.    Before Judge Hammond.  Richmond superior court.   September 22, 1905.

Pollard was charged with the offense of assault with intent to murder.   Upon the trial of the case substantially the following evidence was introduced : "Henry Pollard was standing near the water-cooler, and Captain Thomas told him to take a seat, and he and the fellow that was shot commenced quarreling, and a woman asked me to hand her her satchel, and I heard this fellow that was shot say to Henry Pollard, 'I'll make you jump off this train,' and he says, 'No, you won't,' and the fellow raised up with his left hand towards me, and I could not see the other man.   As the fellow raised up  .   . Henry [the defendant] shot him one time.   [The man wounded] turned and started toward Henry Pollard before Henry shot him."   Other witnesses gave practically the same testimony, except the man who was shot, who testified that the accused started quarreling with him about a seat, and that he was just getting up out of the seat and out of the defendant's way when he was shot. He admitted that he had been drinking just prior to the time of the shooting.   The defendant in his statement said that after being told by the conductor to take a seat, he went to the nearest vacant seat, upon which there was a box.   There was a man occupying half of the seat, and defendant requested him to move the box; the man replied it was not his; whereupon the man who was shot, who was sitting in an adjoining seat, exclaimed with an oath, "Don't you move that box."   Defendant turned to him and said, "Captain Thomas told me to come up here and get a seat; move that box, whomsoever it belongs to."   At this, the man who was shot, after exhausting his powers of invective, assured the defendant that if he moved the box it would be at the peril of his neck.   "When he said that," says the defendant, "he jumped up and throwed his hand behind him like he had something to shoot me with, and I grabbed my pistol out of my breast coat pocket and shot him.  .   . I didn't do it with the intention to kill him, but just to keep him from doing me injury."   The jury returned a verdict of guilty; where-

upon the defendant made a motion for a new trial, upon the general grounds, and because the court erred in charging section 73 of the Penal Code in reference to mutual combat, such charge being irrelevant and not supported by the evidence, and tending to confuse the minds of the jury upon the law of homicide, the theory of the defense being that defendant shot while under the fears of a reasonable man. Error was further assigned because the court failed to charge the law of assault and battery, and because it did charge the law relating to voluntary manslaughter. Error was also alleged to have been committed because the court charged the jury as follows: "If you believe, from the evidence in the case and the law given you in charge, that the defendant is guilty of the offense of murder, you should so find. If you find that the defendant, while not guilty of the offense of murder, yet is guilty of the offense of manslaughter, it would be proper, and you should so find," the error of such charge being that it was not warranted by the indictment, and because it unduly influenced the minds of the jury. Upon his motion being overruled the defendant excepted.

*A. L. Franklin* and *Austin Branch,* for plaintiff in error.

*J. S. Reynolds, solicitor-general,* by *John M. Graham,* contra.