5489.  BLACK, *alias* SMITH, *v.* THE STATE.

WADE, J.  1. There were circumstances in the evidence sufficiently establishing the venue.

2. The evidence as a whole authorized a charge on the law of voluntary manslaughter. Though the testimony supporting a verdict of voluntary manslaughter was not so distinct as testimony adduced which would have authorized either a verdict finding the accused guilty of murder or his acquittal, there was evidence authorizing the inference that the killing was due to a sudden heat of passion, or was perhaps caused by reasonable fear on the part of the accused that an assault and battery would be committed upon him.

3. An indictment for murder may be found at any time after the death of the person killed. Penal Code, § 30. Consequently an indictment for murder, alleging the commission of a felonious assault on a day named, which was prior to the return of the indictment, and alleging that the death of the deceased was due to a mortal wound thereby inflicted, was not demurrable on the ground that it did not allege the date on which the death occurred.

4. The instruction of the trial judge upon the subject of flight was perhaps properly subject to criticism, but was neither confusing to the jury nor prejudicial to the defendant. *Judgment affirmed. Roan, J., absent.*

DECIDED APRIL 30, 1914.

Conviction of manslaughter; from Oglethorpe superior court—Judge Meadow. December 20, 1913.

*Hamilton McWhorter Jr., Samuel H. Sibley,* for plaintiff in error.
*Thomas J. Brown, solicitor-general,* contra.