### 5798.   GAZAWAY *v.* THE STATE.

1. Where testimony as to a matter tending to discredit a witness has been introduced, or drawn from him on cross-examination, it is not improper to permit him to explain the matter, in order to rebut its discrediting effect.
2. When, in order to discredit a witness, his reputation has been assailed, the party by whom he was introduced has the right to introduce rebutting evidence to show that his character and reputation are good, even though the attempt to discredit was made on the examination of the witness himself.
3. The exception that the court erred in refusing to give certain requested

instructions to the jury is without merit, the matter of the request being covered by instructions given.

4. The rebuke given by the court to the prosecuting attorney in the hearing of the jury, and the instructions given the jury, in regard to the attorney's irrelevant and improper argument, were sufficient to prevent any harmful effect from it.

5. The evidence was sufficient to authorize the conviction of the accused; and, no error of law having been committed, the judgment overruling the motion for a new trial will not be disturbed.

DECIDED DECEMBER 22, 1914.

Accusation of sale of liquor; from city court of Greenville— Judge Revill. June 3, 1914.

*N. F. Culpepper,* for plaintiff in error.

*J. T. Hatchell, solicitor,* contra.

RUSSELL, C. J. The defendant was convicted of the offense of selling intoxicating liquors, and to the judgment overruling her motion for new trial she excepts. Three witnesses for the State testified that within the statutory period they had purchased certain quantities of liquor from the defendant and had paid her therefor in money. Each of the three witnesses for the State, on cross-examination, testified, that upon being sworn before a grand jury previous to that which found the indictment against the defendant, and after the sales testified about in this trial had been consummated, they testified falsely that they had never bought any liquor from the defendant at any time, and knew nothing of her ever having sold any liquor. These witnesses stated, as a reason for so testifying falsely, that they had heard of threats made against them, and that it was through fear that they committed perjury before the grand jury. The defendant alleges that she was illegally convicted for several reasons.

1. It is insisted that the court erred in allowing the State's witnesses to state any reason why they swore falsely before the grand jury as to the charge against defendant. There is no merit in this exception. Where testimony as to a matter tending to discredit a witness has been introduced in evidence, or drawn from him on cross-examination, it is proper to permit him to explain the matter in order to rebut its discrediting effect. See 40 Cyc. 2519, and cases there cited. The witnesses who admitted that they had perjured themselves were entitled to explain as best they could their reason for so doing. If they had been threatened seriously, as they contend, they were entitled to testify to such facts as they could

relative thereto, and to have the jury take those facts into consideration in passing on their credibility.

2. The court did not err in allowing the State to introduce testimony as to the general good character of the witnesses in question. They directly and unequivocally admitted that they had knowingly sworn falsely as to the guilt of the accused. This being true, their testimony at the trial should have been entirely disregarded, unless corroborated by circumstances or by other unimpeached evidence. No further evidence as to the falsity of their former testimony was necessary. 40 Cyc. 2735. By their admissions these witnesses had been as successfully impeached as if a member of the grand jury who heard the admittedly false testimony had been sworn in the case and had testified as to their former testimony, which was in direct conflict to that offered on the trial. When the reputation of a witness has been assailed in order to discredit him, the party introducing him has the right to introduce rebutting evidence, to show that his character and reputation are good (Civil Code, § 5882; Penal Code, § 1053), even though the attempt to discredit was made on the examination of the witness himself. 40 Cyc. 2643.

3. It is contended that the court erred in refusing to charge the jury as follows: "If a witness or witnesses swear wilfully and knowingly falsely, such witness or witnesses should not be believed, and such testimony should be entirely disregarded, unless corroborated by circumstances or by unimpeached testimony." In the next exception it is insisted that the court erred in giving in charge to the jury sections 5881, 5882, and 5884 of the Civil Code. Upon a careful review of the record, we are convinced that there is no merit in either of these exceptions. The instructions to which exception is taken were applicable to the issues, and were properly given in charge; and one of the code-sections given in charge (§ 5884) covers in substance the matter of the request to charge.

4. There is no merit in the exception to the judge's refusal to order a mistrial in this case, upon the ground that the argument of the prosecuting attorney was improper. The objectionable remarks, to the effect that whisky causes ninety per cent. of the crimes of the country, and that "blind tigers" are debauching the country and should be put out of business, while wholly irrelevant, were in this case not necessarily prejudicial. The court's rebuke

of the prosecuting attorney in the hearing of the jury, and the instructions to the jury on this point, were sufficient to overcome any harmful effect the argument might have had in diverting the attention of the jury from the real issue, which was the guilt or innocence of the accused. The judge instructed the jury that the statement complained of was irrelevant and improper, and that they should not let it have any weight with them in making up their verdict.

5. It has been uniformly held by this court that the credibility of witnesses, and all questions of fact, are exclusively questions for the jury. The evidence in this case, if the jury saw fit to believe the witnesses for the State, was sufficient to warrant a conviction. There was no error of law. The jurors are the triors of fact, and where the trial is free from errors of law, this court will not undertake to say that the jury erred in finding the defendant guilty by crediting evidence sufficient to show guilt to the exclusion of a reasonable doubt, even though the prosecuting witnesses may seem to us to have been successfully impeached.

*Judgment affirmed. Broyles, J., not presiding.*