### ·13143.  CURTIS *v.* THE STATE.

1. The ground of the motion for a new trial that " there is a fatal variance between the indictment and the proof" is too indefinite and incomplete to be considered.

2. In giving the law of self-defense in charge the court did not err in saying that " the danger must be urgent and pressing, or apparently so, to make the doctrine of reasonable fears applicable."

3, 7. Error in charging on the law as to murder is not ground for a new trial to one convicted of manslaughter.

4. Refusal to give a charge which would amount to directing a verdict for the defendant was not error.

5. A request to charge, that " in order to authorize a conviction of the defendant," the allegation of the indictment as to malice must be proved, was properly refused, the language of the requested instruction not being confined to the offense of murder, and being inapplicable to manslaughter.

6. It was not error to refuse to charge that under stated circumstances the homicide " would be an accident for which the accused is not responsible;" the law as to accidental killing being given in charge in the language of the code, and it being for the jury to determine whether, under the evidence and the defendant's statement, the killing was an accident.

7. It was not error to refuse to charge: " If you should find, from the evidence, that Iris Broom was killed by a pistol bullet which was intended to strike Bailey and was not intended to strike Iris Broom, you should find the defendant not guilty."

8. A request to charge, on the theory that the purpose of the defendant in shooting was to prevent new acts of adultery with his wife, was properly refused, since the evidence did not authorize a charge on this theory, and in his statement at the trial he asserted that he shot in defense of his life.

9. The charge of the court that the " petition for divorce," introduced in evidence, was admitted solely to show motive, and that no statement of fact " in the record" could be considered as proof of any averment therein, was not subject to exception because of failure to include expressly in this part of the charge the answer to the petition for divorce and a petition for alimony, the word " record" being sufficiently comprehensive to include all papers in the divorce proceeding, and the petition for alimony being ancillary to the suit for divorce.

10. A ground of a motion for a new trial complaining of the admission of

documentary evidence not set forth in it and not attached to it as an exhibit will not be considered.

11. Refusal to admit in evidence a dealer's book of entries showing the sale of a certain pistol was immaterial, in view of other evidence. Moreover, the time of the sale does not appear, nor does it appear who made the entry of sale.

12. The instructions of the court on manslaughter and mutual intent to fight were authorized.

DECIDED FEBRUARY 14, 1922. REHEARING DENIED MARCH 2, 1922.

Indictment for murder — conviction of voluntary manslaughter; from Chatham superior court — Judge Meldrim. November 18, 1921.

Application for certiorari was denied by the Supreme Court.

In shooting at Bailey, Curtis killed Iris Broom, a child, with his second shot. A subsequent shot killed Bailey. The indictment was for the murder of Iris Broom. Curtis, in his statement at the trial, said that Bailey, on seeing him in the street, attempted to draw a pistol, and that he fired at Bailey in self-defense; that after he fired the first shot and when he was starting to fire again, the father of Iris Broom grabbed his right arm with both hands and swung it around, and at that instant the pistol fired the second time. The father of the child, in his testimony, denied that he caught the arm of Curtis. He testified that he said to Curtis, " Don't shoot, for God's sake, for you will kill my little children," and that Curtis then shot and killed the child. There was evidence as to prior difficulties between Curtis and Bailey, and Curtis charged Bailey with adulterous relations with the wife of Curtis. One of the contentions of counsel for the plaintiff in error was that under the indictment, which alleged an assault upon Iris Broom and malice against her, Curtis could not lawfully be convicted; and counsel cited: Wharton's Crim. Ev. (10th ed.) 378, sec. 149; 1 Michie on Homicide, 568; Gentry *v.* State, 92 Miss. 141 (45 So. 721) ; Brown *v.* State, 16 Tex. Crim. App. 197; State *v.* Shanley, 20 So. Dak. 18 (104 N. W. 522) ; 21 Cyc. 874; Lacfield *v.* State, 34 Ark. 275 (36 Am. Dec. 8) ; People *v.* Robinson, 6 Utah, 101 (21 Pac. 403) ; Barcus *v.* State, 49 Miss. 17 (19 Am. Rep. 1) ; *Chesley* v. *State,* 121 *Ga.* 342 (distinguished) ; *Johnson* v. *State,* 92 Ga. 36 (distinguished). Cited contra: *Hamilton* v. *State,* 129 *Ga.* 747 (2) ; 1 Michie on Homicide, 569; Territory *v.* Rowland, 8 Montana, 110; 8 Montana, 432.

*Shelby Myrick, Lawrence & Abrahams,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of this court a ground of a motion for a new trial (except the three usual general grounds) must be complete and understandable within itself, and no ground of the motion will be considered by the reviewing court where the ground is so defective and incomplete that in order to understand it an examination of the brief of evidence or some other portion of the record becomes necessary. In the instant case one ground of the motion for a new trial is as follows: "4th. Because there is a fatal variance between the indictment and the proof." Under the ruling just stated, this ground is entirely too indefinite, vague, and incomplete to be considered. It not only omits to point out definitely wherein there is a variance between the indictment and the proof, but fails to give even a hint as to what constitutes the alleged variance.

2. The court did not err in charging that "The danger must be urgent and pressing, or apparently so, to make the doctrine of reasonable fears applicable." *Ellison* v. *State*, 137 *Ga.* 193 (1) (73 S. E. 255), and citations.

3. The excerpt from the charge upon the law of murder, complained of in the 5th ground of the amendment to the motion for a new trial, even if error, does not require another trial, since the defendant was not convicted of murder, but of voluntary manslaughter.

4. Complaint is made of the court's refusal of a request to charge as follows: "The defendant is charged with assaulting and killing Iris Broom. To be guilty, defendant must be shown guilty as charged. The evidence fails to show any assault upon Iris Broom or any intent to kill her, and it is therefore your duty to return a verdict of not guilty." The court properly refused this request. The evidence showed that Iris Broom was shot and killed by the defendant, after her father had warned the defendant, in substance, that she was in the line of fire and that if he shot he would probably kill her. Under these facts it was the province of the jury, and not of the court, to determine whether the evidence showed any assault upon Iris Broom. Moreover, the request to charge amounted to the direction of a verdict for the defendant, and the refusal to direct a verdict is never error.

5. Exception is taken to the refusal of a request to charge as follows: " In order to authorize a verdict of guilty the evidence must show the defendant guilty as charged. Each material averment of the indictment must be proven beyond a reasonable doubt. In this case it is averred that defendant made an assault upon Iris Broom, with intent to kill her and that he maliciously killed her. In order to authorize a conviction of defendant these facts must be proven beyond a reasonable doubt, and if you find from the evidence that defendant did not shoot at Iris Broom but shot at James Bailey, intending to hit Bailey, and without any intent to hit, wound, or kill Iris Broom or any person other than Bailey, and the shot so intended to strike Bailey killed Iris Broom, then your verdict should be one of not guilty, and this is true even though you should believe Curtis was not justified in shooting Bailey." The court in the charge given covered the legal and pertinent portions of this requested charge, and the other portions were properly refused. It is well settled that where an indictment for murder charges that the accused, with malice aforethought, made an assault upon the deceased and killed him, the allegation that the assault was made with malice aforethought, while a material averment in the indictment, need not be proved in order to convict the accused of voluntary manslaughter (the offense of which the defendant was convicted in the instant case). The request was for an instruction to the effect that unless the State proved the averment in the indictment as to malice, the accused could not be convicted of *any charge*. Such an instruction would have been gross error..

6. Exception is taken to the refusal of a request to charge as follows: " If you find from the evidence that there was an altercation between Curtis and Bailey, that Curtis fired one shot, knocking Bailey's hat off, and that, when Curtis attempted to fire the second shot, Allen Broom, the father of Iris Broom, caught Curtis's arm deflecting the direction of the firing and thereby causing the homicide of Iris Broom, your verdict should be for the defendant, for under such circumstances the killing of Iris Broom would be an accident for which the accused is not responsible." The refusal of a substantially similar request is complained of in ground 10 of the motion. The refusal of these requests was not error. The court charged the law of mis-

fortune or accident in the language of the code, and it was for the jury to determine whether, under the evidence and the defendant's statement, the killing of Iris Broom was an accident.

7. Complaint is made of the refusal of a request to charge as follows: " If you should find, from the evidence, that Iris Broom was killed by a pistol bullet which was intended to strike Bailey and was not intended to strike Iris Broom, you should find the defendant not guilty." The exception to this refusal is that the requested charge was demanded by the evidence and the allegations in the indictment. The exceptions is not meritorious. It is true that the indictment charged that the accused, with malice aforethought, shot and killed Iris Broom, and that Bailey was not mentioned in the indictment. The charge in the indictment, however, was not unsupported by the proof. The evidence authorized the jury to find that the accused, while standing in a public street in the city of Savannah, unlawfully and with intent to kill shot at James Bailey (who was also standing in the street and a few feet away from the accused), that the defendant's first shot knocked off Bailey's hat, and that his second killed Iris Broom, a nine-year old girl, who was near by. While the evidence failed to show affirmatively that the defendant saw the child before he fired the shot that killed her, it did authorize a finding that, after the first shot was fired, the father of the child, who was in the street and close to the defendant, said to the defendant, " Don't shoot, for God's sake, for you will kill my little children." The evidence, with the legal deductions and inferences therefrom, further authorized the jury to find that the accused heard the father's warning and understood from it that the child was in the line of fire and was in imminent danger of being killed if he fired again, and that, notwithstanding this knowledge, and in wanton and reckless disregard of the child's life, he fired the second shot and killed her. These facts would have authorized a finding that the killing of the child was done with malice, notwithstanding the defendant's specific intent to kill Bailey only. See, in this connection, *Hamilton* v. *State; 129 Ga.* 747 (59 S. E. 803). Moreover, even if the refusal of this request was error, it was not reversible error, in view of the fact that the accused was convicted of voluntary manslaughter and not of murder. 1 Michie on Homicide, § 142, p. 569; Territory *v.* Rowland, 8 Mont. 432 (20 Pac. 688).

8. Under the evidence and the defendant's statement, it was not error to refuse to charge: " If you find that Curtis' wife has been debauched by Bailey and that Curtis acted to prevent her further debauchery, then you should find the defendant not guilty." The evidence did not authorize a finding that in shooting at Bailey the accused acted to prevent new acts of adultery with his wife; and in his statement to the jury the defendant asserted that he shot in defense of his own life. Moreover, the judge properly instructed the jury as follows: " After the act of adultery has been committed by the wife, the husband is not justified in the killing. The killing must be to prevent new acts of adultery with the wife, and the danger must be urgent and pressing."

9. Exception is taken to the following excerpt from the charge: " A petition for divorce has been introduced in evidence. It was admitted solely for the purpose of showing motive, if it does so, on the part of the accused. No statement of fact contained in the record is to be considered by you as proof of any averment set out therein. I neither intimate nor express an opinion as to whether or not it shows motive. That is a question entirely for the jury." The exception to this excerpt is that the court did not instruct the jury that there had been introduced in evidence, along with the petition for divorce, the answer to that petition and a petition for alimony, and that the jury could have obtained the impression from the court's language that they should not consider statements of fact in the petition for divorce, but could consider statements of fact in the petition for alimony and in the answer to the petition for divorce as proof of the averments therein. This exception is without merit. The answer to a petition for divorce is part and parcel of the divorce suit, and a petition for alimony is merely an ancillary proceeding to a suit for divorce, and the word " record," as used by the court, is sufficiently comprehensive to include all these papers, and the jury must have so understood it. Nor was this excerpt from the charge of the court error for any other reason assigned.

10. Under repeated rulings of the Supreme Court and of this court, a ground of motion for a new trial, complaining of the admission of documentary evidence, cannot be considered where the evidence is not set forth therein, either literally or in substance, or is not attached thereto as an exhibit. Under this ruling the

ground of the motion for a new trial complaining of the admission in evidence of a certain petition for divorce, the answer thereto, and a certain petition for alimony, cannot be considered.

11. There is no merit in that ground of the motion for a new trial which complains of the refusal to admit in evidence the original book of entries of a merchant firm, which showed that Colt pistol No. 164920 was sold to James Bailey. The only object of this evidence was to show that the pistol found near the body of the deceased immediately after the killing, was his pistol, and the State had already introduced in evidence this identical pistol as his property. The evidence rejected was, therefore, unnecessary and immaterial. Furthermore, it does not appear from the book of entries when the pistol was sold to Bailey, or by whom the entry of sale was made, and these omissions were not supplied by any other evidence.

12. The defendant was tried for the murder of Iris Broom and convicted of voluntary manslaughter. The undisputed evidence showed that the deceased (a nine-year old girl) was shot and killed by the accused while he was shooting at James Bailey, with intent to kill Bailey. The defendant's first shot knocked off Bailey's hat, his second shot killed Iris Broom, and subsequent shots from his pistol killed Bailey. There was evidence which authorized a finding that the defendant's assault with a deadly weapon upon Bailey was without legal justification. Also, some of the evidence, considered in connection with portions of the defedant's statement to the jury, authorized a finding that the defendant and Bailey had a mutual intent to fight, and that each, armed with a pistol, and in hot blood and without malice, endeavored to shoot the other, and that both Bailey and Iris Broom were killed by the defendant in the encounter between him and Bailey. It follows that the evidence authorized a finding that the killing of Bailey was voluntary manslaughter, and that the killing of Iris Broom was, under the law, the same offense. The court did not, therefore, err in instructing the jury upon the subjects of manslaughter and a mutual intent to fight, and the verdict was authorized by the evidence.

13. The court did not err, for any reason assigned, in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodwarth, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J.  Counsel for plaintiff in error ask for a re-hearing of this case based upon our ruling in the 10th division of the decision, where we declined to consider the 13th special ground of the motion for a new trial, for the reason that the documentary evidence referred to therein (the admission in evidence of which was the basis of the ground) was not set forth in the ground, either literally or in substance, nor attached thereto as an exhibit. Counsel state that the evidence was set forth in the original ground, and that through an error of the clerk of the trial court it was not incorporated in the copy of the ground which was sent up in the record to this court.  The reviewing court passes upon the record of a case as transmitted to it, and, if it contain error, it is the duty of counsel in the case, and especially of counsel for the plaintiff in error, to call the attention of the court to such error before the case is submitted.  As was said by the Supreme Court in *Ætna Insurance Co.* v. *Sparks,* 62 *Ga.* 187, "When a case has been brought to this court by a plaintiff in error, the onus is upon him to show from the bill of exceptions, and the transcript of the record, error in the court below; and if, on account of an obscure or confused record, or omission therefrom, such error is not made apparent to us, we have no alternative but to affirm the judgment."  See, to the same effect, *Wesley* v. *State,* 65 *Ga.* 731 (1). However, in view of the peculiar and particular facts of the instant case we withdraw our ruling in the 10th division of the decision, and pass upon the merits of the 13th special ground of the motion for a new trial.  We hold that the documentary evidence referred to therein was admissible for the purpose of showing motive, if any, on the part of the accused; and as the court admitted the documents for that purpose only, and specially instructed the jury that no statement of fact contained in the papers should be considered by them as evidence of any averment set out therein, their admission in evidence was not error.

*Rehearing denied.  Bloodworth, J., concurs.  Luke, J., absent.*