### 14173.  LOFTIN *et al. v.* THE STATE.

BROYLES, C. J.  1. The excerpt from the charge of the court, complained of in the 1st ground of the amendment to the motion for a new trial, was not error for the alleged reason that it deprived the defendants of the benefit of their statements, or for any other reason assigned.

2. Error in charging on the law relating to malice (express or implied), or murder, is not ground for a new trial to one convicted of manslaughter. *McDuffie* v. *State*, 121 *Ga.* 580 (14) (49 S. E. 708); *Curtis* v. *State*, 28 *Ga. App.* 219 (3) (110 S. E. 907). Under this ruling grounds 2, 3, 4, 5, 6, 7, 9, 10, and 11 of the amendment to the motion for a new trial are not considered.

3. The court did not err in charging the jury as follows: " If it (the killing) is done because of provocation given by words, threats, menaces, or contemptuous gestures, these or any one of these alone, it is not justifiable homicide." Penal Code (1910), § 65; *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 573); *Deal* v. *State*, 18 *Ga. App.* 70 (7) (88 S. E. 902).

4. Under the preceding rulings ground 12 of the amendment to the motion for a new trial is without merit.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1923.

Conviction of manslaughter; from Lowndes superior court — Judge W. E. Thomas. December 8, 1922.

Paragraph 1 of the decision relates to the following instructions to the jury: " While I charge you that, in order for your verdict to be a legal and proper one, it must be founded on the opinion you entertain of the evidence in the case, yet in this connection I give you another rule, which may or may not, as you must determine, affect your findings; and that is: In criminal trials the prisoners have the right to make to the court and jury such statements in their own behalf as they deem proper in their defense. These statements are not made under oath, and the jurors may give them just such weight and credit only as they deem proper to give them. They may believe them in preference to the sworn testimony in the case." Error is assigned on the quoted part of the charge for the following reasons: (*a*) It was in effect an instruction that the verdict would not be " a legal and proper one " unless based on the jury's opinion of the evidence, without regard to the defendants' statements. (*b*) It was calculated to confuse and mislead the jury and impress them with the view that, while they might take into consideration the defendant's statements and believe such statements in preference to the sworn testimony, their verdict would not be a legal and proper one if based on such statements as distinguished from the sworn evidence. (*c*) It in effect withdrew from consideration the defendants' statements as evidence and deprived the defendants of

the benefit of their statements. (*d*) As the jury had the right to believe the defendants' statements in preference to the sworn testimony, a verdict based wholly or in part on such statements would not have been illegal or improper.

*J. M. Johnson, E. K. Wilcox,* for plaintiffs in error.

*Clifford E. Hay, solicitor-general,* contra.