## 17689. HANEY v. THE STATE.

The ground of the motion for a new trial as to failure to charge the law of mutual combat is defective, in that it gives no reason why the failure so to charge was prejudicial to the accused, who was charged with murder and convicted of voluntary manslaughter.

No cause for a new trial is shown.

DECIDED DECEMBER 14, 1926.

Manslaughter; from Floyd superior court—Judge Maddox. September 29, 1926.

*Porter & Mebane,* for plaintiff in error.

*J. F. Kelly, solicitor-general, M. Neil Andrews,* contra.

LUKE, J. The defendant was charged with murder and was convicted of voluntary manslaughter. The trial judge charged the law generally on manslaughter, but did not charge the law of mutual combat. The ground of the motion for a new trial complaining of the failure to charge the law of mutual combat is defective, in that it does not give any reason why the failure so to charge was prejudicial to the accused. Indeed, the ground does not even allege that such failure was prejudicial. It is well settled that a special ground of a motion for a new trial must be complete and understandable within itself, to be considered by the reviewing court. The other special assignments of error, upon the rulings on the admissibility of testimony, do not require a reversal of the judgment of the court overruling the motion for a new trial. The defendant has had a fair trial, and for no reason pointed out in the record did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

Criminal Law, 16 C. J. p. 1217, n. 44; p. 1221, n. 2, 4 New; 17 C. J. p. 88, n. 48 New.