## 24238. WRIGHT v. THE STATE.

BROYLES, C. J. 1. "A conspiracy may be shown by circumstantial as well as direct evidence." *Carter* v. *State,* 141 *Ga.* 308 (80 S. E. 995); *Smith* v. *State,* 47 *Ga. App.* 797, 802 (171 S. E. 578); *Miller* v. *State,* 176 *Ga.* 825 (169 S. E. 33).

2. Where two persons are jointly indicted for murder, it is not necessary for the State, upon the trial, to prove by any of the sayings of the defendants, made before the homicide, that they were conspiring to make an assault upon the deceased; but the fact of a conspiracy could be inferred from circumstances; and, in the instant case, the circumstances testified to by several witnesses authorized the jury to find that there was a common intent to make an assault upon the deceased, and that when Garrett Wright shot and killed the deceased, his brother, Harold Wright (the defendant in this case), was present, aiding and abetting him; and this court can not hold that the jury were not authorized to find, from the evidence, that the brothers were acting with a common purpose and had formed a conspiracy to assault the deceased. See, in this connection, *Miller* v. *State,* supra.

3. The excerpts from the charge, complained of in special grounds 1 to 5 of the motion for a new trial, inclusive, when considered in the light of the charge as a whole and the facts of the case, disclose no reversible error.

4. Special ground 6 reads as follows: "Because the court omitted to charge the jury on the law applicable to mutual combat, the evidence in the case demanding such charge, and the omission to charge thereon was prejudicial to movant and erroneous in law." This ground fails to show why the court's omission to charge the law of mutual combat was prejudicial to the movant, since he was not convicted of murder, but merely of voluntary manslaughter. How would such a charge have benefited him? See *Haney* v. *State,* 36 *Ga. App.* 209 (135 S. E. 926).

5. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 13, 1934.

154

*Drennan & Giles,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.