27148. ROBERTS *v.* THE STATE.

MACINTYRE, J. 1. In special ground 1 the defendant complains that the court erred in charging the jury upon the subject of admissions because there was no evidence upon which to base the charge. It was in evi-

dence that the defendant on the very afternoon before the fire that night "had moved his shirts and things all except his overalls that he painted in [away from the house burned], over to Mr. Hinton's house; he stated that he intended to stay over at 274 Rawson street, [the house burned] and that he intended to take his meals with Mr. Hinton at 297 Pulliam street, and therefore he took his shirts and belongings over to that place Sunday afternoon before the fire that night." The defendant, in his statement to the jury, said ". . we went up with the flashlight, and we went all over the house looking. We went up in the attic, and somebody had used my material to set the house afire with." Accordingly, the evidence and the defendant's statement authorized a charge on the subject of admissions. "An admission, as applied to a criminal case, is the statement by the defendant of a fact or facts pertinent to the issues and tending, in connection with proof of other facts or circumstances, to prove the guilt of the accused, but which is of itself insufficient to authorize conviction." *Ransom* v. *State*, 2 *Ga. App.* 826 (59 S. E. 101). The defendant also complained in this ground of his motion that the charge on admissions was inapplicable to the case as made by the evidence and was an expression of an opinion. The instruction given by the trial judge was substantially in the language of *Ellis* v. *State*, 166 *Ga.* 115, 117 (2) (142 S. E. 681), and the objections made by the defendant charged in this case were the same as those made in that case. The last objection is controlled adversely to the defendant by the *Ellis* case, supra. There is no merit in any of the complaints made in this ground.

2. There was evidence which authorized the judge to charge the jury on the law of conspiracy. "A conspiracy may be shown by circumstantial as well as direct evidence." *Wright* v. *State*, 50 *Ga. App.* 153 (177 S. E. 266). "In criminal law, conspiracy is a combination or agreement between two or more persons to do an unlawful act, and may be established by proof of acts and conduct, as well as by direct proof or by express agreement." *Bolton* v. *State*, 21 *Ga. App.* 184 (94 S. E. 95). There is no merit in the second special ground complaining that there was no evidence to support a charge on conspiracy.

3. The evidence authorized the verdict.

> *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED SEPTEMBER 28, 1938. REHEARING DENIED DECEMBER 14, 1938.

*C. G. Battle, John E. Chambers,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.