### 36012. NORRIS v. THE STATE.

CARLISLE, J. Upon his trial under an indictment for the murder of the deceased, by shooting him with a rifle, the defendant was found guilty of voluntary manslaughter and sentenced to serve a term of from 8 to 13 years in the penitentiary. His motion for a new trial, based upon the usual general grounds and 5 special grounds (numbered from 4 to 8), was denied, and he has brought the present writ of error to review that judgment.

1. On the trial of a person charged with murder, where the jury is authorized to find from the evidence that the defendant killed the deceased as alleged in the indictment by shooting him with a rifle, and, from the defendant's statement, he shot the deceased during a mutual altercation because he was coming on the defendant with a knife, a verdict of voluntary manslaughter and a charge by the court upon that subject is authorized. *Plyme* v. *State*, 164 *Ga.* 677 (139 S. E. 349), and citations; *Goldsmith* v. *State*, 54 *Ga. App.* 268, 270 (187 S. E. 694); *Jones* v. *State*, 71 *Ga. App.* 56, 57 (30 S. E. 2d 284), and citations. There is no merit in the general grounds or special ground 3 (numbered 6) of the motion for a new trial.

2. "The verdict of a coroner's jury has no probative value whatever as evidence, is binding upon no one, and cannot prejudice the right of any person." *Supreme Council of Royal Arcanum* v. *Quarles*, 23 *Ga. App.* 104 (97 S. E. 557). There is, consequently, no error in the trial court's charging: "Now, in this case it is contended by the defendant that after the alleged homicide described in the indictment, that an investigation was entered into by the corner of this County and a coroner's jury, and that after such investigation the coroner's jury reached a certain verdict. Now, gentlemen, I instruct you that, after this defendant was indicted by the grand jury and you were impaneled as a jury to try the case based upon this indictment, that is a new or de novo hearing, and

you are not bound by any verdict or conclusion which the coroner or coroner's jury may have reached, and in making up your verdict in this case you are not to be influenced thereby in any wise. In reaching your verdict in this case, gentlemen you will reach it from a consideration of the evidence that has been adduced before you from the witness stand in this case and from all the surrounding facts and circumstances as shown by the evidence and from the defendant's statement, giving it such weight and credit as you think it is entitled to receive, applying the law as given you in charge, and you will not therefore be influenced by any conclusion that the coroner's tribunal may have reached. . ." Special ground 1 (numbered 4) is without merit.

3. "An admission, as applied to a criminal case, is the statement by the defendant of a fact, or facts, pertinent to the issues and tending, in connection with proof of other facts or circumstances to prove the guilt of the accused, but which is of itself insufficient to authorize conviction." *Ransom* v. *State*, 2 *Ga. App.* 826 (59 S. E. 101); *Roberts* v. *State*, 59 *Ga. App.* 192 (200 S. E. 233); *Brown* v. *State*, 83 *Ga. App.* 650 (64 S. E. 2d 313); *Ellis* v. *State*, 166 *Ga.* 115 (142 S. E. 681). Under an application of this rule of law to the facts of this case, the trial court did not err in instructing the jury on the principle of incriminatory admissions. The defendant, in his statement to the jury, admitted the homicide. There is no merit in special ground 2 (numbered 5).

4. Any error in charging on the law as to murder is not ground for a new trial to one· convicted of voluntary manslaughter. *Curtis* v. *State*, 28 *Ga. App.* 219 (3) (110 S. E. 907). Under this ruling, there is no merit in special ground 4 (numbered 7).

5. "In order for § 73 [Code, § 26-1014] to be applicable (in other words, in order for mutual combat to exist) [in a murder case], there must be a mutual *intent* to fight, on the part of both parties. *Sanders* v. *State*, 26 *Ga. App.* 475 (106 S. E. 314). It is not necessary that mutual blows be exchanged (*Pollard* v. *State*, 124 *Ga.* 100, 52 S. E. 149; *Buchanan* v. *State*, 153 *Ga.* 866, 113 S. E. 87), nor is it material who strikes the first blow or fires the first shot, nor is it necessary that both parties strike blows or fire shots. *Johnson* v. *State*, 173 *Ga.* 734 (161 S. E. 590). This intent, 'like any other intent, may be manifested by acts and conduct of the parties and the circumstances surrounding them at the time of the combat, as well as the circumstances leading up to and culminating in such combat. The question of intent is peculiarly for the jury where there is any evidence from which it may be inferred.' *Sanders* v. *State*, supra." *Smith* v. *State*, 51 *Ga. App.* 601, 605 (181 S. E. 212).

The deceased had formerly been married to the defendant's wife and, after having met his exwife on the street one day, he began to annoy the defendant by telephoning him that he had an argument to settle with him. On the day of the homicide, the deceased telephoned the defendant to meet him at an appointed place near their homes. They met and the defendant slapped the deceased's face. The deceased departed saying that he would return. Later that day the deceased, in a drunken condition, was walking along the street in the company of a friend when the defendant passed in his automobile. The deceased profaned the defendant, saying, "I will come and get you, you son of a bitch"; and the

defendant stopped his automobile and got out. The friend of the deceased prevailed upon the defendant to depart, as he said the deceased had been drinking and he was endeavoring to take him to his home. The deceased then escaped from the friend, who did not see him again until after his death. The defendant, according to his own statement, then drove around the block to see if the friend had been successful in getting the deceased home. In driving back, he again encountered the deceased, who again profaned him and told him to stop, saying that he was going to kill him. The defendant stopped. Each advanced toward the other and as the defendant expressed it: "Well, when he come at me like that with a knife I didn't have time to shoot him then [the defendant had been squirrel hunting and had his rifle in his automobile] because I didn't want to shoot him. I didn't have it in my mind to start with, but when I hit him I hit him [with the rifle] to knock him down . . . I hit him with both hands and hit him on the side of the head . . . that's where I hit him . . . but it didn't knock him down, didn't phase him much, and he come back again and I just switched ends and shot him one time and he fell."

In these circumstances the court did not err in giving in charge to the jury the principle of mutual combat. *Boatright* v. *State,* 162 *Ga.* 378 (134 S. E. 91); *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862). There is no merit in special ground 5 (numbered 8), in which complaint is made of the trial court's submission of the principle of mutual combat to the jury.

6. The court did not err in denying the motion for a new trial for any reason assigned therein.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided March 13, 1956—Rehearing denied March 22, 1956.

*Hubert C. Morgan, John L. Respess, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, Jephtha C. Tanksley, Eugene L. Tiller, Charlie O. Murphy,* contra.