318

38895. HANSEL v. THE STATE.

DECIDED SEPTEMBER 6, 1961—REHEARING DENIED
SEPTEMBER 15, 1961.

*Andrew J. Ryan, Jr., Solicitor-General,* contra.

JORDAN, Judge. ■ Special ground 1 assigns error on the failure of the trial court to charge, upon request, the law of accidental killing. The evidence adduced on the trial of the case shows that the defendant and the deceased were friends and neighbors, living only a few blocks apart in Savannah; that on the afternoon of November 14, 1959, they were drinking beer in a tavern and became engaged in an argument, resulting in a scuffle between them. They were ordered to leave the tavern and did so, renewing the fight on the outside. They were separated and the defendant was driven to his home by a mutual friend who had joined them. Upon arrival at the defendant's home, he left the car and was proceeding toward his house when the deceased drove up in his car. The argument was renewed, the deceased inviting the defendant to follow him out a road

and fight. The defendant suggested they fight in his back yard, which was declined by the deceased. The defendant then inquired of the deceased if he intended to use a knife and upon receiving an answer indicating that he would, the defendant then replied, "I've got to go and get my gun." The defendant then placed his gun in his car and followed the deceased in his car. They proceeded some three miles from Hansel's home and the deceased motioned the defendant toward a dirt road. After proceeding a short distance on this dirt road, the cars stopped and both men got out. The defendant stated that the deceased approached him with a knife in his hand, at which time he reached into his car, got his gun, loaded it and called for the deceased to stop. The defendant then stated: "He lunged like that, I was surprised and the gun went off." He concluded his statement as follows: "The whole truth, Gentlemen, is I didn't mean to hurt the boy; I just shot to keep him from cutting me." There were no eyewitnesses to the actual shooting. The State produced a witness who heard a voice just before the shot was fired say: "Please don't shoot." A knife was found near the body of the deceased. The coroner testified that the deceased died as a result of a shotgun wound in the upper right chest approximately four inches in diameter and that in his opinion the barrel of the gun was some seven to fifteen feet from the deceased at the time the gun was fired. Other evidence was offered which would have authorized the jury to believe that the shot was fired at closer range. After the shooting, the defendant left the scene to call a doctor and notify police.

Under the facts set forth above it appears that the defendant and the deceased voluntarily entered into a duel or fight with deadly weapons and with knowledge that injury or death might result therefrom. Under such facts the trial court did not err in refusing to charge the law of accidental killing. Special ground 1 is without merit.

■ Special ground 2 complains that the trial court in charging the law of mutual combat failed to charge the killing of a human being under the fears of a reasonable man, thereby restricting the defendant's defense. A careful study of the charge of the court shows that the charge was complete and accurate

in this respect and fully charged all the defenses available to the defendant under the facts and circumstances in this case. Special ground 2 is therefore not meritorious. See *Heard v. State*, 70 Ga. 597; *Shepherd v. State*, 150 Ga. 799 (105 SE 485).

■ Special ground 3 complains that the court failed to give the following charge upon request: "I charge you further that in determining whether or not the defendant deliberately and wilfully sought to take the life of the deceased you would have a right to take into consideration all of the facts and circumstances in the case, including the fact that said parties had been friends, and including the contention of the defendant that the deceased was the aggressor who invited him out to fight and who advanced upon him with a knife at the time, after having selected the place of combat. All of these are facts and circumstances for you to consider and determine whether or not this was an accidental killing, whether it was a killing under the fears of a reasonable man, whether it was a killing in self-defense, whether it was a mutual combat, or upon a sudden heat of passion, or whether it was a willful and deliberate and premeditated killing with malice aforethought, either express or implied."

The record shows that the identical charge requested was given, omitting only that portion relating to accidental killing. As stated in division 1 of this opinion, such omission was not error under the facts in this case.

■ The defendant assigns error in the bill of exceptions upon the provisions of *Code* § 38-415, relating to the unsworn statement of the defendant in criminal cases, alleging that said statute is contrary to the 14th Amendment to the Constitution of the United States. No attack was made on this statute during the course of the trial nor was error assigned thereon in the amended motion for a new trial. A question as to the constitutionality of a law cannot be raised for the first time in the bill of exceptions. *Moore v. State*, 194 Ga. 672 (22 SE2d 510).

■ The general grounds having been abandoned and none of the special grounds being meritorious, the judgment of the trial court is affirmed.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*