46155. MANNING v. THE STATE.

EBERHARDT, Judge. Defendant was indicted for murder and convicted of voluntary manslaughter. He appeals, enumerating as error the overruling of his motion for new trial; five portions of the charge as given; overruling of his two challenges to the array of jurors; hearing the first challenge in defendant's absence; failing to admonish the district attorney for his argument in which he urged his personal belief as to the veracity of the State's witnesses, and failing adequately to instruct the jury with reference thereto; in permitting, over objection, a witness to testify who was not on the list of witnesses furnished pursuant to a demand; and in failing to furnish a complete list of the witnesses who had testified before the grand jury.

1. (a) The general grounds of the motion for new trial were without merit.

(b) Although it was stipulated by counsel at the beginning of the trial that the allegations of the indictment were material and it was alleged therein that defendant did kill and murder one Alvin Meeler on June 5, 1969, by shooting him with a pistol, there was no fatal variance in the allegata and probata where it appeared that Meeler was shot on June 5, 1969, but languished and died June 11, 1969. The indictment was returned September 22, 1969. Cf. *Black v. State,* 14 Ga. App. 534 (3) (81 SE 588). Since the defendant was charged with murder there was no statutory limitation on the prosecution either for that offense or for lesser offenses included and for which he might have been convicted *(Troup v. State,* 17 Ga. App. 387 (2) (87 SE 157)), it was permissible to prove the commission of the offense at any time prior to the date of the indictment. *Sikes v. State,* 20 Ga. App. 80 (92 SE 553). It is true, of course, that there could have been no indictment for the homicide until after the

death of the deceased. *Reynolds v. State,* 1 Ga. 222, 228. But the act of shooting the deceased became a criminal homicide when death ensued within the space of a year and a day from the time of the shooting. *Head v. State,* 68 Ga. App. 759 (24 SE2d 145).

2. A careful examination of the record discloses that the issue of voluntary manslaughter was raised by the evidence, and hence we find no error in the giving of the law relative to that offense in charge. *Sinyard v. State,* 17 Ga. App. 285 (86 SE 657); *Griffin v. State,* 18 Ga. App. 462 (5) (89 SE 537); *Chestnut v. State,* 112 Ga. 366, 371 (37 SE 384).

3. For the same reason we find no error in the inclusion of a charge on the law of mutual combat, and of the doctrine of absolute necessity to justify a killing in self-defense. *Norris v. State,* 93 Ga. App. 641 (5) (92 SE2d 537); *Heard v. State,* 70 Ga. 597 (5).

4. Even if there were error in the overruling of the challenges to the array (which we do not decide) the error was waived when the defendant moved for a continuance and upon the State's agreement that the motion be granted, withdrew it and elected to proceed with the trial. He was no longer in position to urge the error, if such there was, for he had waived it. Cf. *Pritchard v. State,* 225 Ga. 690 (1) (171 SE2d 130). He could not take his chance on a favorable verdict and complain later. *Moore v. State,* 222 Ga. 748, 755 (152 SE2d 570).

Moreover, defendant was afforded a full panel of regularly drawn and qualified jurors from which to strike, and it appears that he did not find it necessary to exhaust his strikes. No harm is shown, and it is elemental that it is necessary to show harm as well as error before there is ground for reversal. *Cochran v. State,* 113 Ga. 736 (3) (39 SE 337).

5. While error is enumerated on the exclusion of defendant from the courtroom during the hearing of his first challenge to the array of the jurors, it is wholly unsupported by argument or citation of authority in the brief and is deemed to have been abandoned. *Green v. State,* 223 Ga. 611 (5) (157 SE2d 257).

6. Appellant asserts that during his argument to the jury the district attorney urged upon the jury his personal belief as to de-

fendant's guilt and as to the veracity of the State's witnesses, and that he objected to it. The record reveals that defendant's counsel did make objection, saying "I say that it's misconduct; it is ground for a mistrial, but I do not move for a mistrial. I do ask that the jury be instructed to disregard it and that the district attorney be admonished not to do it any more." Whereupon, the court did instruct the jury to disregard the statements of the district attorney and to proceed only upon the evidence in arriving at a verdict. The district attorney stated "Your Honor, I stand admonished."

It was, of course, improper for the district attorney to urge his personal belief either as to the defendant's guilt or as to the veracity of the witnesses. *Broznack v. State,* 109 Ga. 514 (3) (35 SE 123); *McKinney v. State,* 25 Ga. App. 404 (103 SE 470). He might, of course, argue the defendant's guilt as a conclusion from the evidence, or the reliability or unreliability of the evidence as it may have appeared from the facts proven. See, e.g., *Moore v. State,* 222 Ga. 748, 754, supra. But the defendant did not want a mistrial. He only wanted the jury instructed to disregard the improper argument, which was done, and the district attorney rebuked, or instructed not to inject the improper argument again. The district attorney stated in open court that he "stood rebuked," indicating that he understood what was desired and that he accepted the rebuke. Anything further in the way of rebuke appeared to be unnecessary. Under these circumstances we find no ground for a new trial. *Gazaway v. State,* 15 Ga. App. 467 (3) (83 SE 857).

7. Appellant enumerates error upon the failure of the district attorney to furnish him with a "list of the witnesses" pursuant to a demand before arraignment. Particularly, he complains that over objection the witness, Dr. Edward Tanner, was permitted to testify and that his name was not on the list which was furnished.

The Constitutional requirement is that the district attorney furnish the accused with a list "of the witnesses on whose testimony the charge against him was founded (*Code Ann.* § 2-105) but the law does not require the [district attorney] to furnish the accused with a list of all of the witnesses he expects to

use on the trial." *Britten v. State*, 221 Ga. 97, 99 (143 SE2d 176). This requirement is fully met if the names of those who appeared before the grand jury are supplied. *Evans v. State*, 222 Ga. 392 (2) (150 SE2d 240). In his amended motion for new trial appellant asserts that he was supplied (a) with a copy of the indictment, carrying thereon a list of witnesses for the State, and, in addition, (b) a list of "Witnesses appearing before the grand jury," (c) "List of Witnesses for the State," and (d) a list of "Additional witnesses." He then insisted upon being furnished a "list of witnesses on whose testimony the charge against him is founded," and was given a handwritten list of four names—Oscar Woods, Wilmer Watts, Alfred Collins and B. L. Tingle.

It is conceded that Dr. Edward Tanner did not testify before the grand jury, and hence the enumeration as to him is without merit.

Appellant also objected to the testimony of GBI Agent Harold Moorman and Deputy Sheriff A. C. Reid, who did, in fact, testify before the grand jury but whose names were not on the handwritten list. An inspection of the indictment and the list of witnesses thereon discloses that the names of these witnesses (as well as that of Dr. Tanner) were included. Thus, he knew that these were among the witnesses who were likely to be called against him on the trial. The purpose of the constitutional provision is to afford the defendant an opportunity to know whose testimony he is likely to have to meet and an opportunity to prepare to do so.

If he or his counsel had desired to interview the witnesses, he might have done so in advance of their appearance on the witness stand. As to any witness whose name was furnished there could have been no element of surprise. While the names of Moorman and Reid were not on the "handwritten list" they were certainly among the first names supplied and we can see no reversible error. If there was error appellant utterly fails to show harm, and absent a showing of harm no ground for a new trial appears.

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*

Submitted May 7, 1971—Decided June 2, 1971.

W. W. Larsen, Jr., for appellant.

N. G. Reeves, Jr., District Attorney, William T. Darby, Sr., for appellee.