### 2736. WALKER *v.* THE STATE.

1. The superior courts of this State have jurisdiction, conferred by the constitution, to correct errors in all inferior judicatories by writ of certiorari. A judgment of the city court overruling a motion for a new trial in a criminal case is a final judgment from which certiorari will lie to the superior court; and this is true although the act creating the city court provides that a writ of error may be sued out directly from that court to the Supreme Court.

2. Where there is a timely request to the judge to charge the jury in writing, he must copy into his charge any statute which he submits to the jury, or he must read to the jury the statute verbatim, "noting accurately in his written charge the statute so read." If the notations made in the written charge leave in doubt what statute the judge did read to the jury, or what portion of the statute was so read, the mandatory requirements of the law are not complied with, and if the evidence does not demand the verdict, a new trial will be granted.

DECIDED SEPTEMBER 6, 1910.

Certiorari; from Jasper superior court—Judge Lewis. May 21, 1910.

*Doyle Campbell*, for plaintiff in error.
*Joseph E. Pottle, solicitor-general*, contra.

HILL, C. J. Jack Walker was convicted, in the city court of Monticello, of selling whisky. He filed a motion for a new trial,

which was overruled. He then petitioned the superior court for a writ of certiorari, the judge of the superior court refused to sanction the petition, and he brings error. Two questions are made in the record. First, did certiorari lie from the judgment of the city court overruling the motion for a new trial? And second, did the judge of the city court comply with the statute requiring him, on a written request by defendant's counsel, to reduce his charge to writing?

1. Counsel for the State insists that as the plaintiff in error had filed a motion for a new trial in the city court, he could not also sue for a writ of certiorari in the case; that the right of having the judgment of an inferior court reviewed on certiorari does not give the right to review a judgment refusing a new trial, and especially so where the act creating the city court, as in this case, provides for a writ of error from the city court directly to the Supreme Court; and he contends that the contrary view will greatly delay the final adjudication of criminal cases. The right of certiorari is a constitutional right. The constitution expressly confers upon the superior court the power "to correct errors in inferior judicatories, by writ of certiorari" (art. 6, sec. 4, par. 5, codified as § 5846 of the Civil Code of 1895). See also § 4634 of the Civil Code. In the case of *Archie* v. *State,* 99 *Ga.* 23 (25 S. E. 612), the defendant filed a motion for a new trial in the city court, where he was convicted, and subsequently dismissed his motion for a new trial and petitioned for the writ of certiorari; and the question in that case was whether the remedy of certiorari could be invoked without first moving for a new trial in the city court. The Supreme Court held that, "the right of certiorari being a constitutional one, the privilege of moving for a new trial is merely cumulative; and a complaining party could avail himself of that in the first instance, or not, as he chose."- See also *Harvey* v. *Jewell,* 84 *Ga.* 234 (10 S. E. 631); *Winn* v. *State,* 126 *Ga.* 419 (55 S. E. 178). It can not be questioned that the judgment of the city court, in overruling the defendant's motion for a new trial in that court, was a final judgment; and it seems to be equally clear that any final judgment of an inferior judicatory, such as the city court, may be reviewed by the superior court upon certiorari. We think, therefore, that under the act creating the city court, the defendant in this case could have brought the decision of the judge of the city court, overruling his

motion for a new trial, directly to this court by bill of exceptions, or he had the right, under the constitution and the law, and the decisions of the Supreme Court, to have the judgment of the city court first reviewed by the superior court upon certiorari; and if his petition for the writ of certiorari was denied, a writ of error would lie from the judgment of the superior court·to this court. It is true that this construction of the law may result in some delay in final adjudications of criminal cases, but if any remedy is needed for this result, the legislature, and not the courts, is the proper source from which it must come.

2. The trial judge, complying with the request of counsel, reduced his charge to writing. In noting the law under which the indictment is framed, he made the following statement: "The defendant has been charged and indicted with the offense named in the indictment, under provisions of Georgia Laws, 1907, which read as follows: Acts 1907, page —— through words 'in section 1039,' p. 82." In other words, instead of writing out the statute under which the indictment was framed, he read it from the Acts of 1907. The charge as written out was not sent up with the record, and the judge says, in his verification of the grounds of the amended motion for a new trial, that the notations in the motion are correct. These notations are, "Acts 1907, page—— through words 'in section 1039,' p. 82." It is contended·by plaintiff in error that this was not a compliance with the statute; that the notations contained in the record, as to what the judge read, are not accurate, in that it is not distinctly stated what "provisions of the Georgia Laws of 1907" the court read, or, even assuming that he read the prohibition law, under which the indictment was framed, it does not appear what part of the law he read to the jury, in that it is not stated where he commenced to read,—that although it is stated where the quotation concluded, it is not stated where the quotation commenced. We think the charge is subject to the criticism. While it is probable that the judge did read the prohibition act from the beginning, and through the words "in section 1039," as contained in the Acts of 1907, p. 82, yet he does not clearly so state, nor does it clearly appear from the notations that he did so. In *Burns* v. *State,* 89 *Ga.* 527 (15 S. E. 748), the Supreme Court holds that "it is no failure to comply with a request to charge the jury in writing for the judge, instead of

copying into his charge sections of the code which .he submits to the jury, to read these sections verbatim from the code itself, noting accurately in his written charge the sections so read." We are not willing to give to the imperative statute requiring the judge to reduce his charge to writing any more liberal or extended construction than was given by the Supreme Court in that case. Not only the Supreme Court, but this court, has repeatedly held that, the trial judges are required to obey both in letter and spirit the statute which declares that they must, when a timely request is made, write out in full the charge to the jury. *Frye* v. *Shehee,* 55 *Ga.* 208; *Wheatley* v. *West,* 61 *Ga.* 401; *Forrester* v. *Cocke,* 6 *Ga. App.* 829 (65 S. E. 1063). When we consider that the reason for this requirement, as announced by the Supreme Court and by this court, is to remove all possibility of dispute between the court and counsel as to what in fact was charged, we think that any interpretation of the statute which permits a substantial compliance with its terms can not be upheld. The statute demands literal compliance. We hold that the notations are not sufficiently accurate or definite to show what was in fact read by the court in the charge to the jury in the present case.

The evidence in the record, while sufficient to support the verdict, does not demand it, and, following the decision of this court in the *Forrester* case, supra, we are constrained to grant another trial because of the failure of the trial judge to comply with the statute requiring him to reduce his charge to writing. We think that for this reason the judge of the superior court should have sustained the certiorari.                    *Judgment reversed.*