## 3979.  HAYS v. THE STATE.

1. The mandatory requirement of § 1056 of the Penal Code (1910) that, when requested by either party before argument begins, the judges shall "write out their charges and read them to the jury, and it shall be error to give any other or additional charge than that so written and read," is not complied with when in the charge as written there appears a notation as follows: "§ 1010, Code 1895, volume 3, read if statement made by defendant; erase if none." The charge, as given, not appearing in the record, and the evidence being conflicting, the failure to comply with this requirement of the statute demands a new trial.

2. The ·evidence being conflicting upon the question as to whether any offense was committed at the time and place alleged in the indictment, and whether, if so, the accused was the perpetrator, it was error to reject evidence that a person in the presence of the State's witness, who had identified the accused as the perpetrator of the offense, had been heard making inquiry as to the identity of the person who had used the profane language described in the indictment.

3. The law relative to circumstantial evidence should have been charged.

4. There was sufficient evidence to authorize the verdict, and except as above indicated, no material error was committed.

DECIDED MARCH 19, 1912.

Indictment for misdemeanor; from city court of Monticello— Judge Thurman.  January 10, 1912.

*A. Y. Clement,* for plaintiff in error.

*Greene F. Johnson, solicitor,* contra.

POTTLE, J.  The accused was convicted of using profane language in the presence of a female.  The evidence was sharply conflicting.  The chief witness for the State testified that he was driving by a negro church in company with a young lady, and that as he passed the church the negro, who was one of a party of several, used the profane language set forth in the indictment.  This witness further testified that he went within five or six feet of the accused, and, though the moon was not shining, the night was bright and the circumstances were such as to indicate that the accused must have known that the lady was in the buggy.  Opposed to this

testimony was that of two white men who claimed to have been present at the time the language was alleged to have been used, and who testified positively that no such language was used by the accused.

1. Counsel for the accused requested the judge to reduce his charge to writing. The judge, in attempting to comply with this request, used a printed charge in which the following notation appeared: "§ 1010, Code 1895, volume 3, read if statement made by defendant; erase if none." It is contended that this was not a compliance with the mandatory requirement of the law that the charge be reduced to writing. A somewhat similar question was raised in the case of *Walker* v. *State*, 8 *Ga. App.* 214 (68 S. E. 873). There the charge, as in the present case, was reduced to writing, except that it contained a notation indicating that the judge had read to the jury an act under which the indictment was drawn, but this notation appeared in the charge as follows: "Acts 1907, page —— through words ' in section 1039,' p. 82." It was held in that case that this was not a compliance with the requirement of the section which compels the judge to reduce his charge to writing when a request to that effect is duly made by the accused. In that case attention was called to the fact that the Supreme Court had previously ruled that the judge, instead of copying in his charge sections of the code which he submits to the jury, may read them verbatim to the jury, noting accurately in his charge the sections of the code so read. In this case, as in the *Walker* case, the charge was not sent up in the record, and we have no means of telling whether the judge actually read the section of the code noted in his charge or not. It appears that the defendant did make a statement in the case.

Section 1056 of the Penal Code (1910) provides that, when counsel for either party requests it before argument begins, the judges shall "write out their charges and read them to the jury, and it shall be error to give any other or additional charge than that so written and read." It is somewhat an extension of the mandatory requirement of this section to permit the judge to read a section of the code without copying it in his charge, simply noting in his charge the number of the section so read. But certainly, when the judge undertakes to comply with this statute by noting in the written charge sections of the code or statutes which he may read to

the jury, it must unequivocally appear, from the charge, that the sections were in fact read as noted. Here it is impossible to tell whether the judge read § 1010 of the Code of 1895 or not. It does appear that the defendant made a statement, and presumably the section was read to the jury, but the plain requirement of the statute is that the written charge shall show unequivocally, either verbatim or by reference, every instruction given to the jury; and, when this mandatory requirement of the statute has been violated, it is the duty of this court to direct a new trial in any case where the evidence is conflicting and a different result would have been authorized.

2. While one of the State's witnesses was on the stand, the accused offered to show that this witness, in company with two kinsmen, afterwards went back to the negro church on the same night for the purpose of ascertaining who had used the profane language, and that one of the persons accompanying the witness, in his presence, made inquiry at the church as to which one of the negroes had previously used the profane language described in the indictment. The court declined to admit this proof; and we think this was error. One of the defenses was that the accused was not the person who used the profane language, and it was sought to show that the State's witness had really not been able to identify the accused as the perpetrator of the offense. It was competent for the accused to show, if he could, that this witness for the State, on the same night on which the offense was alleged to have been committed, approached the accused and several other negroes at the church, and that one of these persons who accompanied the witness, in his presence, before charging the accused with the offense, inquired as to who had previously used the profane language when the witness had passed along in his buggy with the young lady.

3, 4. We think there was enough evidence to authorize a conviction. It is contended that there was no proof by the State that the language, if used, was used without provocation, or that the accused knew of the presence of the young lady. These things may be shown by circumstantial as well as by direct evidence, and there were sufficient facts and circumstances to justify the jury in finding both that the language was used by the accused without provocation and that he knew of the presence of the young lady in question. It is contended that the court should not have charged all of

§ 396 of the Penal Code of 1895, since the language described in the indictment was profane, and there was no charge that the accused had used opprobrious words or abusive language to another, tending to cause a breach of the peace. It would have been better not to read this entire section, and if it was read the court should have been careful to instruct the jury that only the latter part of the section was applicable to the charge made in the indictment, but his failure to do this is not reversible error. Complaint is also made that the court refused to give a certain instruction, requested in writing, in reference to the degree of proof required to authorize a conviction. As stated, the charge was not sent up with the record. The request referred to was pertinent and legal, and an instruction of the nature therein indicated should have been given. There was no direct proof that the accused knew of the presence of the young lady. There was some evidence that he could have seen her and probably did see her, but there was also evidence that the night was dark. This necessary element of the case depended upon circumstantial evidence, and the judge should have charged the law relative to that character of evidence. *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031).                    *Judgment reversed.*