## 5608.   HAYS *v.* THE STATE.

1. It was not error to refuse requests for further instructions to the jury, presented by counsel at the conclusion of the charge of the court, where the charge given covered the matter of the requested instructions, and was a clear and fair statement of the law applicable to the case.
2. An assignment of error on the ground that the sentence imposed on one convicted of crime is excessive will not be sustained when the sentence does not exceed the statutory limit.
3. There was sufficient evidence to authorize the verdict.

DECIDED MAY 16, 1914.

Certiorari; from Jasper superior court—Judge Park.   February 20, 1914.

*A. Y. Clement,* for plaintiff in error.
*J. E. Pottle, solicitor-general,* contra.

ROAN, J.   This is the second appearance of this case before this court.   See *Hays* v. *State,* 10 *Ga. App.* 823 (74 S. E. 314).   The evidence in both trials was practically the same.   In the former decision this court, while reversing the judgment of the court below, held there was enough evidence to authorize a conviction.   It was contended on the first trial that there was no proof for the State that the language used was without provocation, or that the accused knew of the presence of the young lady in whose presence it was alleged to have been used; but it was held that these facts could be shown by circumstantial as well as by direct evidence, and that there were sufficient facts and circumstances to justify a finding that the language was used by the accused, without provocation, and that he knew of the presence of the female in question.   On

the next trial the defendant was again convicted. Certiorari was sued out, the certiorari was overruled, and the case came to this court on exceptions to that judgment.

1. In the petition for certiorari it is complained that the court refused to charge the jury in accordance with certain written requests of the defendant's counsel, set out in the petition. Most of them contain correct statements of abstract principles of law, pertinent to the issues involved, but they were not tendered until the judge had completed his charge, which he had been requested to deliver in writing, and his charge covered every point that was intended to be covered by the requests. To have complied with these requests under the circumstances would have been useless repetition, and might have been confusing to the jury. The charge given was clear, fair, and pertinent, and covered every legal question in the case.

2. It is complained that the judge erred in sentencing the defendant to twelve months in the chain-gang, without alternative,—that the sentence is excessive. "This court has no jurisdiction to control the discretion lodged in the trial judge as to imposition of penalties. An assignment of error upon the ground that the sentence is excessive will not be sustained, unless the sentence exceeds the limits provided by law for the punishment of . . the offense in question." *Reese* v. *State, 3 Ga. App.* 613 (60 S. E. 284). As to the allegation that the sentence "is premature by the space of six months," the sentence being dated January 28, 1913, and the verdict being dated July 28, 1913, the judge's answer to the certiorari shows that if the date written on the verdict was as stated, it was a clerical error,—that the case was tried at the January term, 1914, and not the July term.

3. The evidence in this record, some direct and some circumstantial, considered all together, was sufficient to justify the jury in finding both that the language alleged was used by the accused and was without provocation, and that he knew of the presence of the female at the time he used it. There being no reason apparent to us why this, the second verdict of conviction in this case, should be disturbed, the judgment is affirmed.      *Judgment affirmed.*