## 11482.   McKINNEY *v.* THE STATE.

In view of the improper remark of the solicitor-general in the hearing of
the jury, in a colloquy with the defendant's counsel, in which, referring
to a witness for the State who afterwards gave testimony favorable to
the defendant, he said that he was not going to depend upon her testi-
mony, that she was "not going to swear the truth," which statement
was immediately objected to by the defendant's counsel and was the
ground of a motion for a mistrial, made after the jury had retired to
consider the case, the trial judge should have declared a mistrial or
should have recalled the jury and instructed them not to consider the
remark; and his failure to do so is ground for a new trial. It was not
sufficient that the judge, in response to the objection made at the time
of the remark, said to the defendant's counsel, in the presence and hear-
ing of the jury, "Well, the jury will not be influenced by any remarks
between the solicitor and counsel and the court on questions, of evi-
dence."

DECIDED JUNE 15, 1920.

Conviction of shooting at another; from Fulton superior court
— Judge Humphries.   April 3, 1920.

*B. H. & Harvey Hill,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BROYLES, P. J.   The defendant was being tried for shooting
his wife with intent to murder her.   The solicitor-general put up
the wife, who testified that the shooting was an accident.   Before
introducing the witness, however, the solicitor-general, in a collo-
quy with the defendant's counsel, in the presence and hearing of
the jury, stated:   "I'm not going to depend upon the testimony
of the wife; she's not going to swear the truth about it."   Counsel
for the defendant objected to this statement, whereupon the court,
addressing defendant's counsel, said:   "Well, the jury will not be

influenced by any remarks between the solicitor and counsel and the court on questions of evidence." Subsequently, after argument of counsel and after the court had charged the jury and while the jury were considering the case, counsel for the defendant moved for a mistrial because of the solicitor-general's remark. This motion was overruled. The jury returned a verdict finding the defendant guilty of shooting at another.

Under the circumstances stated, the court should either have declared a mistrial of the case, or have recalled the jury and expressly instructed them not to consider the improper remarks of the solicitor-general, and the failure so to do necessitates another trial of the case.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*