## 29431. JONES et al. v. THE STATE.

HALL, Justice.

This is a joint appeal by Milton Jones and Geoffrey Moore from their August 6, 1974 convictions of rape of a 16-year-old girl, after their joint trial with a third participant, David Lee Jones, whose appeal is not involved here. Each defendant was sentenced to 20 years.

Briefly summarized, the state's evidence tended to show that David Jones and Moore, capitalizing upon a nodding acquaintance with the victim, lured her into their Eldorado Cadillac automobile by offering her a ride and then drove her to the apartment of Milton Jones where she was raped by all three men and threatened with death if she reported the incident. Additionally, David Jones robbed her of the rings her fiance had given her. They then decided that she should be forced to engage in prostitution that night with white men in order to make some money for them, and to that end David Jones and Moore drove her to an area of Columbus, Georgia, known as Kendrick Quarters, where they tried to force her to solicit for prostitution among the men present while Jones watched. When she was crying and unsuccessful there, they walked her a short distance to the Juwan Club for the same purpose, but sent her in alone, whereupon she hysterically asked the proprietors to call the police. The persons at the club who testified spoke of her disarranged clothing and her extreme upset and incoherence, and said they could not understand all that she said had happened to her. When the police arrived and calmed her down she told two officers she had been raped and robbed. She guided the police over the route to Milton Jones' apartment. She was examined by an intern at a local hospital who testified to her soiled and torn clothing; to evidence that she had very recently had sexual intercourse; and to evidence of small but actively bleeding internal lacerations. The jury deliberated thirteen minutes and convicted all three defendants.

1. Appellants' contention that the evidence was insufficient to convict because the testimony of the victim was not corroborated, is without merit. See *Howard v. State,* 231 Ga. 877 (204 SE2d 629); *Campbell v. State,* 231

Ga. 69 (200 SE2d 690); *Bryant v. State,* 229 Ga. 60 (189 SE2d 435).

2. The crime was committed on May 23, 1974, prior to the effective date of Ga. L. 1974, p. 352 et seq. allowing sentencing by the trial judge. The contention is made that even though the trial occurred after the effective date of the statute the judge had no authority to set the sentence because on the date of the crime there accrued to defendants a substantial right to have their sentence imposed by a jury because such was the law at the time of the offense. We have considered this argument and flatly rejected it in *Cofer v. Hopper,* 233 Ga. 155 (210 SE2d 678). Even prior to the new statute a Georgia defendant had no substantive right to have his sentence set by a jury, inasmuch as the trial judge could impose sentence himself where the jury could not agree within a reasonable time. That proviso appeared in former Code Ann. § 27-2534 which was repealed by the new statute. It therefore follows that even under Code Ann. § 27-2534 a defendant had no substantive right to a jury sentence; and thus the new statute is not subject to attack as an ex post facto law in the respect here considered.

3. During the pre-sentence hearing held pursuant to Code Ann. § 27-2503, no evidence was offered by the state or by defendants in mitigation or in aggravation of punishment. Prior to setting the sentences, the trial judge wondered aloud that the state had nothing to present on Milton Jones, since "Your name [Jones] has been prevalent in the criminal circuit for a long time." Upon being informed that none of the defendants had a criminal record, the judge sentenced each of them to 20 years, making David Jones' robbery sentence run concurrently with his 20-year rape sentence. Counsel for both appellants argues that the judge's remarks show that he considered facts not properly in evidence before him. There is a presumption that sentence was correctly imposed (*McBryde v. State,* 34 Ga 202, 204), and the defendant has the burden of showing wherein the judge erred. No objection was made at the time to these remarks, nor does the sentence imposed upon Jones show that he was unduly penalized in comparison to the others. We rule that appellants have shown nothing that would call the

sentence into question on the ground asserted.
*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 11, 1975.

*Keil, Riley & Davis, Douglas L. Breault,* for appellants.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Assistant District Attorney, Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Assistant Attorney General,* for appellee.