## 50206. ADKINS v. THE STATE.

Marshall, Judge.

On August 15, 1974, appellant was tried and convicted before a jury of possession of heroin. The

evidence showed that he was arrested on June 3, 1974, at the Columbus, Georgia, Airport when he claimed baggage known by law enforcement agents to contain heroin. His defense at the trial was that the baggage containing heroin was not his but that he claimed it by mistake because it was identical to his bag. *Held:*

1. Appellant attempted to impeach a witness for the state, the baggage attendant, who had testified that when appellant claimed the bag appellant identified it as his because of black tape on it. Appellant's witness, an investigator, testified on direct examination that he interviewed the baggage attendant prior to the trial and later did not mention having a conversation with appellant. Appellant's counsel was not allowed to pursue further questions which attempted to have the investigator testify that the baggage attendant told him that appellant did not state that he recognized the bag by the tape on it.

The testimony of the investigator necessarily included the information sought by counsel. Appellant's counsel merely wanted a more emphatic answer to the same question which had already been answered. Counsel cannot object because the trial court refused to allow him to lead his witness. Code § 38-1706. The trial court did not abuse its discretion in prohibiting a leading question because in effect the answer had already been given. The testimony of the investigator did impeach the baggage attendant and it became a question of whether or not the jury, properly instructed, chose to believe his testimony in conjunction with all other evidence. The jury was instructed that it was their duty to determine the credibility of the witnesses and to reconcile conflicting testimony. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." Code § 38-1805.

2. During the sentencing portion of the trial, the trial judge mentioned that he had seen a note passed to appellant during the course of the trial which indicated that appellant knew he committed the offense charged. It is apparent from a reading of the transcript that the note which the judge read pertained only to the appellant's guilt or innocence, an issue which had already been

decided by the jury. The maximum sentence imposed by the judge (5 years and $5,000) was not based on the note, but on an entirely different reason stated by the trial judge: "You are a little higher up the line [of illicit drug dealers] than generally they [law enforcement] catch."

3. Appellant's final enumeration is that the judge imposed the sentence under Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503) when the crime was committed on June 3, 1974, before the effective date of that Act (July 1, 1974). The Georgia Supreme Court has now rejected arguments that jury determination of sentence is a substantive right so as to come within the proscriptions of "ex post facto laws" of the Georgia and United States Constitutions (Code Ann. § 2-302 and Code § 1-128, respectively). *Jones v. State,* 233 Ga. 662. See also, *Cofer v. Hopper,* 233 Ga. 155 (210 SE2d 678); *Muckle v. State,* 233 Ga. 337 (211 SE2d 361).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Submitted February 3, 1975 — Decided April 8, 1975.

*Elkins, Flournoy & Garner, Thomas M. Flournoy, Jr., Michael E. Garner,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney,* for appellee.