## 50374. ZARICK v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of violating the Uniform Narcotic Drug Act and his 5-years' sentence.

1. The prosecutor's objection, "I realize it is unusual to take the stand but [defendant's counsel] is leading his own witness [the defendant]," was not grounds for a mistrial as a comment made because of the defendant's failure to testify, prohibited by Code Ann. § 38-415 (as amended by Ga. L. 1973, pp. 292, 294), since the defendant *did* testify. Neither was it grounds for a mistrial for the reason urged, that it placed the defendant in a category of people (defendants) who, it may be inferred from the comment, usually do not take the stand, implying that they usually have something to hide. To the contrary, this comment took this defendant *out* of the broad category of "usual defendants" by acknowledging that he *had* taken the stand and therefore, impliedly, had nothing to hide. Furthermore, any harmful effect the comment may have had was removed by the trial judge's rebuke of the prosecutor in the jury's presence and his curative instructions.

2. Upon the state's cross examination of the defendant, defendant's counsel objected that the witness was being badgered, to which the prosecutor replied, "I have him on cross examination. I can find out what substances [sic] there is to these preposterous stories." Out of the presence of the jury, the defendant's counsel moved for a mistrial based upon the cumulative

prejudicial effect of this and other harmful innuendoes and comments. Still out of the presence of the jury, the judge held that this was not a mistrial offense, but admonished the district attorney against the further use of "sarcasm." The district attorney apologized to the court, the jury was returned to the courtroom, and the trial resumed without further mention of the matter.

"It was, of course, improper for the district attorney to urge his personal belief either as to the defendant's guilt or as to the veracity of the witnesses. *Broznack v. State,* 109 Ga. 514 (3) (35 SE 123); *McKinney v. State,* 25 Ga. App. 404 (103 SE 470)." *Manning v. State* 123 Ga. App. 844, 846 (6) (182 SE2d 690); *Estep v. State,* 129 Ga. App. 909, 916 (8) (201 SE2d 809). In *McKinney,* supra, this court held that the prosecutor's remark in the hearing of the jury in a colloquy with the defendant's counsel—that he was not going to depend upon the testimony of a witness for the state who afterwards gave testimony favorable to the defendant, because "she's not going to swear the truth about it" — was grounds for a mistrial notwithstanding that the judge, in response to the objection made at the time of the remark, said to the defendant's counsel, in the presence and hearing of the jury, "Well, the jury will not be influenced by any remarks between the solicitor and counsel and the court on questions of evidence."

In the case at bar, the prosecutor's characterization of the defendant's testimony as "preposterous," which, according to Webster's Unabridged New International Dictionary, 2d Ed., means "Contrary to nature, reason, or common sence; irrational; utterly foolish . . . Hence, absurd; nonsensical, ridiculous; grotesque," may indicate his prima facie disbelief in the defendant's veracity, but it also expresses his intention to keep an open mind as to the testimony until he could, by cross examination, determine whether there was any substance or truth to it.

Even conceding that the use of the word preposterous was improper and that there was no rebuke in the presence of the jury or curative instruction, the jury was not directly made aware of the possible prejudicial effect, since the motion for mistrial was made out of their hearing. The motion for mistrial being directed to the

judge's discretion, he might well have considered that to have called the jury's attention to the remark by a rebuke and instructions, would have impressed it on their consciousness more than to merely let it pass, realizing that they, as intelligent and upright persons, were capable of understanding that the prosecutor was speaking as an advocate for his cause and trying to disprove the defendant's testimony. Nor did this constitute reversible error when considered cumulatively with the "other" comments, the only other one complained of being held hereinabove to have actually inured to the defendant's benefit.

Furthermore, the error, if any, was not reversible in view of the fact that the verdict was so well authorized by the evidence that the general grounds of the motion for new trial are not even argued before this court.

3. The trial judge properly sentenced the defendant without the intervention of a jury under the provisions of Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357), even though his crime was committed prior to the effective date of said statute. See *Hill v. Willis,* 224 Ga. 263, 265 (1) (161 SE2d 281) and cits. *Lewis v. State,* 126 Ga. App. 123, 128 (4) (190 SE2d 123) and cit. "[P]rior to the 1974 Act the defendant was not absolutely entitled to a sentence imposed by a jury." *Cofer v. Hopper,* 233 Ga. 155, 157 (4) (210 SE2d 678).

*Judgment affirmed. Bell, C. J., Deen P. J., Clark, Webb and Marshall, JJ., concur. Pannell, P. J., Quillian and Evans, JJ., dissent.*

SUBMITTED FEBRUARY 26, 1975 — DECIDED APRIL 11, 1975.

*William M. Warner,* for appellant.
*Richard Bell, District Attorney, David R. Rogers, Assistant District Attorney,* for appellee.

EVANS, Judge, dissenting.

Division 2 of the majority opinion recites that the prosecutor, in the presence of the jury, stated that the testimony being given by defendant was "preposterous." The assistant district attorney, as prosecutor was an

officer of the state; he occupied a high position; and such officers are most often held in high esteem by the jurors. This, in effect, amounted to his testifying (without actually taking the stand and being sworn) that the defendant was committing perjury and was not straightforward and honest in his testimony to the jury regarding the case. The only admonition or rebuke given by the trial judge to him appears to have been *outside the presence of the jury;* hence the jury was not apprised that the trial court did not fully approve of the statement by the prosecutor.

At page 549 of the majority opinion numerous Georgia cases are cited which show beyond any doubt that it is improper for the district attorney to urge his personal belief either as to the defendant's guilt or as to the veracity of the witnesses.

Why did the assistant district attorney here make such a hurtful statement *in the presence of the jury?* Why did the trial judge fail to rebuke him *in the presence of the jury?* Why did the assistant district attorney never apologize for these prejudicial remarks *in the presence of the jury?*

The majority opinion urges that as the *motion for mistrial* was made outside the presence of the jury, they did not know just how prejudicial these remarks of the assistant district attorney were toward the issue of whether the defendant was receiving a fair trial. The original statement by him was made in the presence of the jury, and the 12 jurors were presumed to be of normal intelligence, and certainly they knew this public officer was saying he did not believe a word of the defendant's testimony.

The majority urges that "the verdict was so well authorized by the evidence" that the general grounds of motion for new trial are not even argued. This is a far cry from the rule of law that when a certain verdict is *demanded* by the evidence, errors in the trial will not be ground for a new trial. See: *McGill v. Dowman,* 195 Ga. 357, 358 (4) (24 SE2d 195); *Cloud v. Maxey,* 195 Ga. 90, 95 (3) (23 SE2d 668). The verdict of guilty was not demanded by the evidence in this case. Where errors are shown to have occurred during the trial of a case, it is presumed

that such errors were harmful to the losing party. *Lively v. Thompson,* 88 Ga. App. 31, 35 (75 SE2d 846).

As I see it, the defendant in this case has not had a fair trial. The assistant district attorney deliberately prejudiced his case, did apologize for his actions to the court, did not apologize in the presence of the jury, but the trial judge took no action whatever in the presence of the jury to lessen the force of the harmful error.

I would vote to reverse the judgment, and order a new trial, and I therefore respectfully dissent from the majority opinion.

I am authorized to state that Presiding Judge Pannell and Judge Quillian join in this dissent.