## 50717. DENT v. THE STATE.

MARSHALL, Judge.

Appellant was convicted, contrary to his plea, of theft by taking and sentenced to eight years confinement in the penitentiary. He appeals from the conviction and from the denial of his motion for new trial, enumerating 13 errors, dealing primarily with: (1) sufficiency of the evidence as to the value of the subject of the theft, (2) the charge of the court expressing an opinion, (3) a contempt order against appellant, (4) ineffective assistance of counsel, (5) denial of the motion for continuance, (6) imposition of the sentence by the jury, (7) introduction during the sentencing phase of the trial of prior convictions without counsel, (8) a charge on flight.

The evidence of record shows that the appellant walked into a Goodyear Tire Store and asked a salesman to see some tires. The salesman left the room and upon returning discovered the cash box, which had been on the counter, missing and the appellant gone. A witness, standing across the street, identified the appellant as one of two men running from the store with a box, getting into a car, which was later identified as appellant's and speeding down the road. Appellant testified at the trial that the other man had forced him to leave the store at gunpoint and that he did not learn of the stolen box until later. The appellant was indicted for theft of the cash box, valued at $75, and the theft of the money contained therein, $125. *Held:*

1. At the trial, the salesman testified that, to the best of his knowledge, the cash box was valued at $75. No objection was made to this testimony, but at the conclusion of the evidence the appellant's counsel made a motion for directed verdict on the ground that the corpus delicti had not been established. On appeal, this motion has been converted into an objection that the witness' testimony as to the value of the cash box was opinion and inadmissible. Enumerations of error 1 through 6 contend that the opinion evidence as to the value of the cash box was inadmissible and insufficient to support the verdict.

Even if it was error to admit the opinion testimony,

it was harmless in that other testimony as to the theft of the $125 was sufficient in itself to uphold the felony conviction of theft by taking of property whose value exceeded $100 under Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842 (Code Ann. § 26-1812). For the same reasons a charge on misdemeanor theft by taking under that Code section was not warranted by the evidence, and was properly refused.

2. The court's instruction on the appellant's contentions at trial was not objectionable as expressing an opinion. Even though it was inaccurate in some minor respects, it fairly summarized the appellant's contentions without expressing an opinion.

3. When appellant's case was called for trial on September 3, 1974, for the second time, appellant stated he did not have counsel. Appellant was held in contempt by the court for not having obtained counsel, as ordered by the court on two previous occasions, and was sentenced to eight days confinement. Appellant made no request for a supersedeas and showed no attempt to perfect the record for appeal from this contempt order. Having served his sentence and facing no collateral consequences, appellant cannot raise, on appeal, an issue (confinement for contempt) that is moot. *Stark v. Hamilton,* 149 Ga. 44 (99 SE 40); *Garland v. Tanksley,* 99 Ga. App. 201, 207 (107 SE2d 866).

4. Appellant's Enumeration 9 alleges that his counsel at trial was ineffective because he made no objections to evidence during the course of the trial, made no written requests to charge, did not check the pleadings at the clerk's office, and did not discover that the contempt order was filed late. At the hearing on the special motion for new trial, the appellant's trial attorney testified that he was a member of the Bar of Georgia in good standing, had practiced law for 20 years, mostly in the criminal law field, and that he gave his full loyalty to the appellant during the trial.

The defense of coercion, which was congruous with the facts presented by the prosecution, as well as other tactical considerations, may have been the reasons for the attorney's reticence during the trial. "[T]he mere fact that defense counsel failed to make objection to evidence,

failed to move for a mistrial, failed to apply some other tactic, or did some things contrary to the judgment of present counsel representing the accused, does not justify applying to him the brand of incompetence." *Hart v. State,* 227 Ga. 171, 177 (179 SE2d 346). See also *Bolick v. State,* 127 Ga. App. 542 (2) (194 SE2d 302). We have read the record and are satisfied that the appellant was adequately represented.

5. Whether or not the appellant should have been granted a one day continuance for a psychiatric examination was a matter which addressed itself to the sound discretion of the trial judge. The appellant did not demonstrate why such examination could not have been made during the four months appellant was free on bail awaiting trial. We find no abuse of discretion. See *Morgan v. State,* 135 Ga. App. 139 (1) (217 SE2d 175) and cases cited therein.

6. Appellant contends that the trial judge erred in letting the *jury* determine the sentence, when such duty was imposed on the *judge* under Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503). The date of the trial was September 11, 1974. Because the offense was committed on April 17, 1974, before the effective date of Code Ann. § 27-2503, the trial judge concluded that the sentencing should be conducted under the prior law, Ga. L. 1970, pp. 949, 950; 1971, p. 902 (Code Ann. § 27-2534). Consequently, the jury fixed the appellant's sentence.

The language of Code Ann. § 27-2503 is mandatory: "[U]pon the return of a verdict of 'guilty' by the jury in any felony case, *the judge shall* dismiss the jury and *shall* conduct a presentence hearing . . . Upon the conclusion of the evidence and arguments *the judge shall* impose the sentence . . ." (Emphasis supplied.) We find no cases wherein the jury has been authorized to impose the sentence in a non-capital felony case under this new Code provision. In fact, we have held that the commission of the offense before July 1, 1974, does not entitle the defendant to a jury determination of the sentence in a trial occurring after July 1, 1974. *Mealor v. State,* 134 Ga. App. 564 (2) (215 SE2d 272); *Zarick v. State,* 134 Ga. App. 548 (3) (215 SE2d 311); *Adkins v. State,* 134 Ga. App. 507 (3) (215 SE2d 270). We must therefore reverse as to the

sentence and remand the case to the trial judge to impose a sentence without the intervention of the jury.

7. During the sentencing phase of the trial, evidence of five prior convictions of the appellant were offered into evidence. The evidence of two of the convictions showed on their face that appellant was represented by counsel. However, evidence of three other convictions, all misdemeanors, did not show such representation.

It was improper for the trial court to consider these misdemeanor convictions. The ruling in *Houser v. State,* 234 Ga. 209, 214 (15) (214 SE2d 893) apparently extends the ruling in Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) so as to exclude from consideration at a pre-sentence hearing prior misdemeanor convictions where a defendant was not represented by counsel. Our reliance on *Stonaker v. State,* 134 Ga. App. 123 (6) (213 SE2d 506) in *Morgan v. State,* 135 Ga. App. 139 (6) supra, was erroneous as it is apparent that *Houser* overruled *Stonaker* by implication.

8. Appellant's final enumeration of error is that the trial court erred in its charge on flight. There was testimony from a witness at the trial that the appellant and another man were seen running from the store, getting into the appellant's car and that they then "took off — like they were on a rocker, just zoomed and skidded all the rubber off the tires . . ." This testimony was sufficient to warrant a charge on flight, and the charge was proper.

*Judgment on the conviction is affirmed. Reversed and remanded as to the sentence with instructions as in Divisions 6 and 7. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 2, 1975 — DECIDED OCTOBER 28, 1975.

*Robert T. Efurd, Robert T. Efurd, Jr.,* for appellant.
*Richard Bell, District Attorney, Calvin A. Leipold, Assistant District Attorney,* for appellee.