## 51367. GLISSON v. THE STATE.

MARSHALL, Judge.

Appellant was indicted and convicted of two felonious assaults as well as being convicted of two misdemeanor simple batteries. He was sentenced at a bifurcated jury trial to two consecutive five-year penitentiary sentences on the felonious assaults and one-year consecutive sentences each on the misdemeanor batteries for a total of 12 years. Appellant filed a motion for new trial on general grounds and in an amended motion enumerated other special grounds. The motion as amended was denied. Thereafter, appellant filed, pro se, his notice of appeal. *Held:*

1. We have carefully examined the general grounds for motion for a new trial against the transcript. The evidence is more than ample to support the jury's finding and verdict that appellant counseled, aided and abetted his co-indictee in the serious wounding by pistol of two

innocent bystanders. Further, the evidence clearly supports the jury's verdict that appellant without justification, excuse or right unlawfully struck and/or kicked the two victims of the simple batteries. There was no error in denying the motion for new trial on general grounds.

2. The two additional grounds enumerated in the amended motion for new trial likewise have been carefully considered and found to be without merit. Though the jury imposed punishment to run consecutively as to the felony offenses, the jury sentencing as to the felonies did not preclude the trial court from imposing misdemeanor consecutive sentences, since the jury did not exercise sentencing powers as to the misdemeanors. *Tischmak v. State,* 133 Ga. App. 534, 537 (4) (211 SE2d 587). Furthermore, there is no merit in the second special ground that the punishment imposed was excessive. The sentence imposed was within the limits fixed by law, therefore, was a matter of discretion with the trial judge. *Harper v. State,* 14 Ga. App. 603 (4) (81 SE 817); *Hays v. State,* 14 Ga. App. 604 (2) (81 SE 914).

3. The trial judge imposed a 10-year sentence *set by the jury* on August 15, 1974, as well as the two additional years set by the court on misdemeanors. This sentencing occurred subsequent to July 1, 1974, the effective date of Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357), which requires sentencing by the judge in all noncapital felony cases. "The provisions of this statute are couched in mandatory language. The statute applies to all cases in which the sentence is imposed subsequent to the effective date of the Act. *Jones v. State,* 233 Ga. 662 (212 SE2d 832). It cannot be held harmless error for the defendant to have been denied the right to sentencing by the judge merely because the defendant was given 'more of a jury trial than the law provided' . . ." *Wheeless v. State,* 135 Ga. App. 406, 410 (218 SE2d 88); *Dent v. State,* 136 Ga. App. 366.

Accordingly, the judgment of conviction is affirmed, the judgment of sentence is reversed, and the case is remanded to the trial court for resentencing by the judge, as required by Code Ann. § 27-2503.

*Judgment affirmed in part; reversed in part and remanded with direction. Bell, C. J., and Webb, J., concur.*

SUBMITTED OCTOBER 7, 1975 — DECIDED DECEMBER 3, 1975.