## 51587. DAVID v. THE STATE.

MARSHALL, Judge.

The appellant was indicted and tried for the offense of murder but convicted of the lesser offense of involuntary manslaughter. He was sentenced to serve three years in the penitentiary. He brings this appeal to the conviction and judgment enumerating some six errors. *Held:*

1. The first enumeration dealt with a question of the constitutionality of Georgia statutes providing for the empaneling of grand and traverse juries. This question was considered by the Supreme Court and determined adversely to appellant in *David v. State,* 235 Ga. 198 (219 SE2d 119). The case was then transferred to this court for

determination of the remaining issues.

2. In his second enumeration, appellant complains the trial court erred in denying him general discovery of all information arguably favorable to the defense, citing Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Brady does not require the prosecution to open its files for general inspection by the defense or for pre-trial discovery. *Hicks v. State*, 232 Ga. 393 (207 SE2d 30). Even considering the concepts of a fair trial, appellant has not met his burden of showing how his case has been materially prejudiced by the lack of access to the prosecutor's file. See United States v. Harris, 458 F2d 670, 677 (5th Cir. 1972). This enumeration is without merit.

3. The third enumeration avers that the failure of the state to furnish appellant a list of witnesses and a copy of the indictment should have precluded the state from presenting any evidence. The record shows that the state offered to furnish to defendant a copy of state's witnesses "right now" and did so serve him, and suggested that it would be agreeable to a continuance so defendant's counsel might have the opportunity of interviewing the witnesses. Defendant's counsel refused the continuance, and insisted that he had been placed in jeopardy and was entitled to an acquittal. This simply does not comport with the procedure required by law of the defendant in cases of this kind. *Hunnicutt v. State,* 135 Ga. App. 774 (219 SE2d 22); *Davis v. State,* 135 Ga. App. 203 (3) (217 SE2d 343).

4. Enumeration of error number 4 contends that the evidence is insufficient to sustain the jury's verdict of involuntary manslaughter. While the evidence is in conflict, there is evidence in the record both direct and circumstantial that would warrant the jury in determining the appellant without legal justification or excuse, fired a pistol in the direction of the deceased; that the projectile struck the deceased in the head; and that he died as a result of this head wound. Such evidence clearly is sufficient to support a verdict of involuntary manslaughter. *Carrigan v. State,* 206 Ga. 707 (58 SE2d 407); *Stallings v. State,* 100 Ga. App. 327 (111 SE2d 109).

5. Enumeration 5 complains that the trial court erred in instructing the jury that a preponderance of evidence was sufficient where circumstantial evidence is

involved.

Both this court and the Supreme Court have agreed that this charge is erroneous. *Woods v. State,* 233 Ga. 495 (212 SE2d 322); *Wells v. State,* 126 Ga. App. 130 (1) (190 SE2d 106). No curative charge was included; thus, the jury was left solely with an erroneous charge with regard to the burden of proof necessary to convict on circumstantial evidence alone. Since a conviction in this case depended to a large extent on circumstantial evidence, this erroneous charge was prejudicial. *Boggus v. State,* 136 Ga. App. 917.

6. Appellant has raised additional questions concerning the charge of the court relating to the reduction of the offense from murder to voluntary manslaughter. He has not raised as an enumeration the fact that the jury in this case set the punishment at three years notwithstanding the mandatory provisions of Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) requiring sentencing by the judge in all noncapital felony cases. *Jones v. State,* 233 Ga. 662 (212 SE2d 832); *Glisson v. State,* 136 Ga. App. 864. Since this case must be remanded for a new trial, we will not further address the remaining two questions on the assumption that they will not recur upon a new trial.

*Judgment reversed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 6, 1976 — DECIDED JANUARY 29, 1976.

*L. Eddie Benton, Jr.,* for appellant.
*Nat Hancock, District Attorney,* for appellee.