## 53967. DeLOACH v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction on two counts of burglary. *Held:*

1. The defendant contends that the trial court erred in denying his motions for a directed verdict and new trial, and in entering judgment on the jury verdict of guilty of both counts where the verdict was contrary to law, the evidence, and principles of justice and equity.

In the early morning hours of June 2, 1974, two service stations were burglarized in Savannah. Entry was gained by breaking the center bay windows of each building. A short period of time after the burglaries, defendant was seen running across a street "in this area," by a policeman on his way home. He notified his headquarters to dispatch a unit to that area. Another police officer heard the call and "started searching [his] beat just in case of a burglary." He found one of the burglarized stations. Another police officer testified that he participated in the search for the defendant and apprehended him "under a table top that was turned up on the side . . . and he had tunnelled out enough under it for it to lay flat and where all you could see was the bottom of his feet." A search of the defendant revealed "some checks and charge cards from the American Oil Station that had been burglarized." After being advised of his rights the defendant told a detective about planning the burglaries with two other persons and that while his friends actually entered the buildings he was outside acting as a "look-out." There is evidence that the defendant consumed a substantial amount of intoxicants prior to these burglaries but when he was questioned by a detective following the incidents he did not appear to be under the influence of anything.

A person who acts as a "look-out" during the commission of a burglary is participating in the commission of that crime within the meaning of Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271) and is as guilty as the active participants. *Lundy v. State,* 130 Ga. App. 171, 172 (1b) (202 SE2d 536). Further, even though defendant testified as to how he came into possession of

the stolen goods, almost immediately after commission of the offense, the fact that he possessed the stolen property under these circumstances "would authorize the jury to infer that the accused was guilty, unless he explained his possession to their satisfaction. [Cits.] It was within the jury's province to believe that appellant's explanation of his possession advanced at trial was not a reasonable or satisfactory one." *King v. State,* 141 Ga. App. 316, 317 (233 SE2d 274).

We find that the direct and circumstantial evidence, taken together, is sufficient to satisfy the requirements of Code Ann. § 26-801, that the defendant did intentionally aid and abet the other criminal actors in planning and carrying out the two burglaries charged, and may be convicted of the commission of those crimes. *Cunningham v. State,* 235 Ga. 126, 127 (218 SE2d 854).

The trial court did not err in entering judgment on the jury verdict, nor in denying defendant's motions for directed verdict (*Feldshneider v. State,* 127 Ga. App. 745, 746 (195 SE2d 184)), and new trial (*Powell v. State,* 235 Ga. 208, 210 (1) (219 SE2d 109)). Defendant's enumerations of error are without merit.

2. Although not enumerated as error, we note that the jury sentenced the defendant on each count of the indictment for which he was found guilty. This trial was conducted on September 18, 1974. Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357), which became effective July 1, 1974, requires the judge to dismiss the jury, conduct a presentence hearing, and determine the punishment to be imposed. The fact that the offenses occurred before July 1, 1974 does not entitle defendant to a jury sentence. *Jones v. State,* 233 Ga. 662, 663 (2) (212 SE2d 832). The language of this Code section is mandatory. We must therefore reverse as to the sentence and remand the case to the trial judge to impose a sentence without the intervention of a jury. *Dent v. State,* 136 Ga. App. 366, 368 (6) (221 SE2d 228); *Glisson v. State,* 136 Ga. App. 864, 865 (3) (222 SE2d 680); *David v. State,* 137 Ga. App. 425, 427 (6) (224 SE2d 83).

*Judgment affirmed as to conviction. Reversed and remanded with direction as to sentence. Shulman and Banke, JJ., concur.*

Submitted June 8, 1977 — Decided June 28, 1977.

*Duffy & Shearouse, Robert C. Shearouse,* for appellant.

*Andrew J. Ryan, III, District Attorney, Michael K. Gardner, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.